**SCHLUMBERGER TECHNOLOGY CORPORATION AND SUBSIDIARIES, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 98–197 T.**

United States Court of Federal Claims.

Aug. 9, 2000.

Joseph M. Persinger, New York City, for plaintiff.

Elizabeth D. Seward, with whom were William K. Drew, Mildred L. Seidman, and Paula M. Junghans, Acting Assistant Attorney General, Tax Division, Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

HEWITT, Judge.

This is an action to recover an income tax credit for certain diesel fuel excise taxes alleged to have been erroneously paid by

plaintiffs, Schlumberger Technology Corporation and Subsidiaries (Schlumberger) and Schlumberger's former subsidiary, Dowell Schlumberger Inc. (Dowell), for tax years 1991 through 1994. Defendant, the United States, acting through the Internal Revenue Service (IRS or the government), has filed a counterclaim to recover a refund it paid to plaintiffs—allegedly by mistake—for diesel fuel taxes paid by Dowell to vendors on a portion of the diesel fuel it consumed in off-highway business use in tax year 1993. Both the claim and the counterclaim dispute the same issue: whether, having filed a claim for excise taxes under I.R.C. § 6427, a taxpayer is barred by the so-called "one claim" rule of I.R.C. § 6427(i)(1) from obtaining a credit under I.R.C. § 34 for amounts of taxes overpaid but not recovered under its I.R.C. § 6427 claim. The matter is now before the court on Defendant's Motion for Partial Summary Judgment (Def.'s Mot.).[1] For the following reasons, defendant's motion is DENIED.

## I. Background[2]

Schlumberger is a service company in the oil and gas exploration industry providing specialty services at well sites using a fleet of diesel powered vehicles. Complaint (Compl.), attach.1 at 6. Schlumberger is the common parent holding company of an affiliated group of corporations. Compl. ¶ 3.

During 1991 and 1992, Dowell was a corporation owned equally by Schlumberger and Dow Holdings, Inc. For 1991 and 1992, Dowell timely filed U.S. Corporation Income Tax Returns (Form 1120) on which it claimed a tax credit—on line 32g—for diesel fuel consumed in an "off-highway business use." To each return, Dowell attached Form 4136,

Credit for Federal Tax on Fuels, on which it reported the gallons of diesel fuel consumed by its trucks for off-highway business use and the dollar amount it calculated as a tax credit. Compl. ¶ 8. Dowell claimed diesel fuel tax credits of $37,069 and $64,706 for 1991 and 1992, respectively.

During tax years 1993 and 1994, Dowell was a wholly-owned subsidiary of Schlumberger, and Schlumberger included Dowell within its consolidated income tax returns.[3] For 1993 and 1994, Schlumberger timely filed U.S. Corporation Income Tax Returns (Form 1120) on which it claimed a credit—on line 32g—for diesel fuel consumed by Dowell in "off-highway business use." To each return, Schlumberger attached Form 4136, Credit for Federal Tax on Fuels, on which it reported the gallons of diesel fuel consumed by Dowell's trucks for off-highway business use and the dollar amount it calculated as a tax credit. Compl. ¶ 11. Schlumberger claimed diesel fuel tax credits for Dowell in the amounts of $57,241 and $169,984 for 1993 and 1994, respectively.

The Dowell and Schlumberger income tax returns claiming tax credits included only those gallons of diesel fuel consumed by Dowell's trucks during the fourth calendar quarter of each year from 1991 through 1994. For the first three calendar quarters of 1991 through 1993, Dowell filed separate Claims for Refund and Requests for Abatement (Form 839) on which it reported tax-paid gallons of diesel fuel it consumed in a non-taxable off-highway business use. For the first three quarters of 1994, Dowell filed a Claim for Refund of Excise Taxes (Form 8849) on which it reported tax-paid gallons of diesel fuel it consumed in a non-taxable off-highway business use.[4] None of the amounts

---

1. The complaint also claims an income tax credit with respect to diesel fuel taxes on gallons consumed by Schlumberger's Wireline & Testing Division. Those claims are not addressed in the government's motion. Nor does the government's motion address whether or not plaintiffs' trucks in fact consumed the diesel fuel in a non-taxable "off-highway business use" within the meaning of I.R.C. §§ 4041(b) and 6421(e). Such consumption is assumed for the limited purpose of the government's motion. Def.'s Mot. at 10.

2. Unless otherwise noted, the following facts are taken from Defendant's Proposed Findings of Uncontroverted Fact (Def.'s Prop. Facts).

3. Dowell merged into Schlumberger in January 1995. Complaint (Compl.) at ¶ 3.

4. Although the Forms 8849 filed by Dowell and Schlumberger describe the claim as "refund" claims, the parties are in agreement that the claims are actually for tax credits. Transcript of Oral Argument on April 20, 2000 (Tr.) at 33–34, 62–64. The IRS does not press the point of the

sought in those refund claims duplicate the amounts claimed as a credit on Dowell's annual Forms 4136 for 1991 and 1992, or on Schlumberger's annual Forms 4136 for 1993 and 1994 filed on Dowell's behalf.

Dowell made its refund claims on its own behalf on September 14, 1995, seeking amounts equal to the diesel fuel tax it had paid to vendors for fuel consumed by its vehicles for nontaxable purposes during 1991 and 1992 in the amounts of $513,824 and $445,194, respectively. Schlumberger filed refund claims on Dowell's behalf on January 24, 1996 seeking amounts equal to the diesel fuel tax that Dowell had paid to vendors for fuel consumed by Dowell's vehicles for nontaxable purposes during 1993 and 1994 in the amounts of $531,855 and $642,179, respectively.

After an examination of these claims, the District Director of the IRS's Austin Service Center issued a notice proposing full disallowance of these claims on the grounds that, subject to an exception for quarterly claims for refund, Dowell and Schlumberger were prohibited by 26 U.S.C. § 6427(i)(1) from filing more than one annual claim for credit of amounts equal to diesel fuel taxes paid by Dowell to its vendors for fuel Dowell's vehicles consumed for nontaxable purposes. Then, on July 28, 1997, the IRS refunded $665,138 to Schlumberger for the additional credit it claimed in January 24, 1996, with respect to Dowell for 1993.[5] Defendant contends that this refund was made in error. Def.'s Mot. at 15–16; Tr. at 55.

The IRS paid no further refunds in response to plaintiffs' claims. On March 24, 1998, plaintiffs filed a complaint in this court. Defendant filed its First Amended Answer and Counterclaim on September 11, 1998, demanding the return of the $665,138 refunded to plaintiffs with respect to Schlumberger's 1993 claim on behalf of Dowell. Plaintiffs have refused to repay that sum. On November 19, 1999, defendant moved for partial summary judgment on the ground that I.R.C. § 6427 precludes Dowell, or

Schlumberger on Dowell's behalf, from filing claims for refund or credit of diesel fuel tax for 1991 through 1994 in addition to those claims which were made for taxes paid on diesel fuel on the income tax returns filed by Dowell, or by Schlumberger on Dowell's behalf, for 1991 through 1994. Plaintiffs argue that I.R.C. § 6427 does not prohibit plaintiffs from filing claims for tax credits under I.R.C. § 34. Opposition of Schlumberger Technology Corporation to Defendant's Motion for Partial Summary Judgment and Brief in Support Thereof (Pls.' Resp.) at 7–8. Alternatively, plaintiffs argue that the one claim limitation under § 6427 does not bar an amended claim for tax credit. *Id.* at 8. Because the court agrees with plaintiff's primary contention—that the so-called "one claim" rule contained in I.R.C. § 6427(i)(1) does not act as a bar to a claim for credit under I.R.C. § 34, the government's motion for partial summary judgment is DENIED.

## II. Discussion

### A. Summary Judgment

Rule 56(b) of the Court of Federal Claims (RCFC) provides that "[a] party against whom a claim ... is asserted may ... move ... for a summary judgment in such party's favor upon ... any part [of the claim]." RCFC 56(b). Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *See* RCFC 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *American Airlines, Inc. v. United States,* 204 F.3d 1103, 1108 (Fed.Cir.2000). The focus of Defendant's Motion for Partial Summary Judgment in this case is the interpretation of (including the relationship among) provisions of the Internal Revenue Code. *See* Def.'s Mot. at 10–13. Statutory interpretation is an appropriate subject for summary judgment. *See Abbott v. United States,* 41 Fed.Cl. 553, 560 (1998) (citing *Nissho Iwai Am. Corp. v. United States,* 143 F.3d 1470, 1472–73 (Fed.

---

possible impropriety of plaintiffs' choice of form. Tr. at 62.

**5.** The refund of $665,135 included the claimed amount of diesel fuel tax Dowell paid to vendors

during 1993 ($531,855) plus statutory interest of $133,283.

Cir.1998)). The facts relevant to the determination of defendant's motion are not in dispute. *Compare* Compl. *with* Def.'s Prop. Facts.

### B. I.R.C. §§ 6427 and 34

Section 6427 of the Internal Revenue Code (Code) mandates the repayment by the Secretary of the Treasury of taxes previously imposed on "[f]uels not used for taxable purposes." I.R.C. § 6427 (1986).[6] Subsection (*l*) of the provision specifically pertains to "[n]ontaxable uses of diesel fuel and aviation fuel" and provided, for 1991 through 1993, in pertinent part, as follows:

> Except as provided in subsection (k) ... if any fuel on which tax has been imposed by section 4091 is used by any person in a nontaxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4091.

I.R.C. § 6427(*l*)(1).[7] With respect to allowance of credit for fuels not used for taxable purposes, § 6427(k) refers to I.R.C. § 34, the provision allowing credits for, inter alia, taxes paid on fuels used for non-taxable purposes and provides as follows:

> (k) Income tax credit in lieu of payment.—
> (1) Persons not subject to income tax.— Payment shall be made under this section to—
> (A) the United States ... a State ..., or
> (B) an organization exempt from tax under section 501(a) ....

6. The parties acknowledge that the 1986 version of the Internal Revenue Code, as amended, governs the taxable years in question. Transcript of Oral Argument (Tr.) at 10.

7. Section 4091 of the 1986 Code, as amended and in effect during 1991 through 1993, is titled "Imposition of Tax" and provides, in pertinent part, for the imposition of tax "on the sale of any taxable fuel by the producer or the importer thereof or by any producer of taxable fuel." I.R.C. § 4091(a). Section 4081 of the Code, as amended and in effect in 1994, provides that tax is imposed on the removal of a taxable fuel from a refinery or terminal, or upon entry of any taxable fuel into the United States for consumption, use, or warehousing. I.R.C. § 4081(a)(1)(A). For 1994, § 6427(*l*) of the Code provided, in pertinent part, as follows:

(2) Exception.—Paragraph (1) shall not apply to a payment of a claim filed under paragraph ... (4) ... of subsection (i).

(3) Allowance of a credit against income tax.—

For allowances of a credit against the income tax imposed by subtitle A for fuel used or resold by the purchaser, see section 34.

I.R.C. § 6427(k).

Limitations on filing a claim under § 6427 are addressed in § 6427(i). The general rule of limitation for claims filed under § 6427 provides, in pertinent part:

> (1) General Rule.—Except as provided in paragraphs (2), (3), and (4), not more than one claim may be filed under subsection (a), (b), (c), (d), (g), (h), (*l*), or (q) by any person with respect to fuel used ... during his taxable year, and no claim shall be allowed under this paragraph with respect to fuel used ... during any taxable year unless filed by the purchaser not later than the time prescribed by law for filing a claim for credit or refund of overpayment of income tax for such taxable year.

I.R.C. § 6427(i)(1).[8] Section 6427(i) contains several exceptions, including an exception for nontaxable uses of diesel fuel and aviation fuel taxed under § 4081 (the provision in effect during 1994) or § 4091 (the provision in effect during 1991 through 1993). Section 6427(i)(4) provides:

> (A) In general.—If at the close of any of the 1st 3 quarters of the taxable year of

> Except as otherwise provided in this subsection and subsection (k), if—... any diesel fuel on which tax has been imposed by section 4041 or 4081 ... is used by any person in a nontaxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4041, 4081, or 4091, as the case may be.
> I.R.C. § 6427(*l*)(1).

8. The quoted subsection 6427(i)(1) was in effect from 1991 to 1993. In 1993 (and effective in 1994), the subsection was amended by Pub.L. No. 103–66, § 13242(c)(2)(B), 107 Stat. 312, 522, which substituted "otherwise provided in this subsection" for "provided in paragraphs (2), (3), and (4)."

any person, at least $750 is payable under subsection ($l$) to such person with respect to fuel used during such quarter or any prior quarter during the taxable year (and for which no other claim has been filed), a claim may be filed under subsection ($l$) with respect to such fuel.

(B) Time for Filing Claim.—No claim filed under this paragraph shall be allowed unless filed during the 1st quarter following the last quarter included in the claim.

I.R.C. § 6427(i)(4).

The issue to be decided is whether the so-called "one claim" rule in I.R.C. § 6427(i) bars the filing of the claims denied by the IRS. The government contends that, subject only to the specific applicable exception contained in § 6427(i)(4), plaintiffs may file only one claim under § 6427 with respect to any taxable year to recover taxes erroneously paid. Def.'s Mot. at 12–13. Plaintiffs assert that I.R.C. § 6427(i) was intended only to promote administrative efficiency in handling refunds of the excise tax imposed upon gasoline purchased by farmers. Tr. at 11; Pls.' Resp. at 9–10. Plaintiffs also argue that the absence of subsection (k) (dealing with credits, as distinct from claims, and referencing I.R.C. § 34) from the list of subsections covered by the one claim rule in I.R.C. § 6427(i) indicates that claims for credits made under I.R.C. § 34 are exempted from the "one claim" rule. Pls.' Resp. at 8; Tr. at 18.

Defendant insists that, under § 6427, "[t]here is simply no authority for filing a second claim for credit." Tr. at 53. *See also* Def.'s Mot. at 12–14. Defendant contends that the subsections enumerated on the list of subsections in I.R.C. § 6427(i)(1)—which are subject to the one claim rule—are each substantive provisions which authorize payment or credit of an amount equal to the diesel fuel tax. Defendant's view is that subsection (k) is excluded from that list because it is not a substantive provision. Tr. at 53–54. "It simply is a statement of who can get cash and who has to get a credit." Tr. at 54. Since plaintiffs' right to repayment of the tax is, in the government's view, created substantively by I.R.C. § 6427($l$), plaintiffs have no right to recover if they fall outside the limitations of the one claim rule con-

tained in I.R.C. § 6427(i). Def.'s Mot. at 13–14.

While the government focuses on the text of I.R.C. § 6427, plaintiffs focus on the text of I.R.C. § 34, which was added to the Code in 1965 as § 39 by the Excise Tax Reduction Act of 1965, Pub.L. No. 89–44, § 809(c), 79 Stat. 136, 167 (redesignated as § 34 by the Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 471(c)(1), 98 Stat. 494, 826), and provides, in pertinent part, as follows:

(a) General Rule.—There shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the sum of the amounts payable to the taxpayer—

. . . .

(3) under section 6427—

(A) with respect to fuels used for nontaxable purposes or resold . . .

. . . .

during the taxable year (determined without regard to section 6427(k)).

(b) Exception.—Credit shall not be allowed under subsection (a) for any amount payable under section . . . 6427, if a claim for such amount is timely filed and . . . is payable under such section.

I.R.C. § 34.

Plaintiffs point out that there is no one claim limitation contained in I.R.C. § 34, Pls.' Resp. at 13. Indeed, the text of § 34 contemplates the possibility that a taxpayer might also have made a claim under I.R.C. § 6427 and provides that duplicate payments shall not be made. I.R.C. § 34(b). The government acknowledges that "taxpayers are not enjoined from filing annual claims for credit in addition to quarterly claims for refund—so long as there is no duplication of amounts claimed—, the § 34(b) exception is silent as to multiple claims for credit, like those in issue, and such additional claims for credit are expressly prohibited by § 6427(i)." Defendant's Reply in Support of Its Motion for Partial Summary Judgment (Def.'s Reply) at 8.

Both parties urge the court to apply the most basic principle of statutory interpretation, that the plain meaning of the statute

supports their respective positions. Def.'s Mot. at 13; Pls.' Resp. at 7–8. *See* Norman J. Singer, *Sutherland Statutory Construction* § 46.01, at 113–129 (6th ed.2000); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself.") The parties differ, however, as to which statute the court should be focused on; and both parties also seek support in legislative history, policy, and, in the government's case particularly, regulations. After a well-prepared and vigorous—but not dispositive—oral argument, the court asked for further briefing on the legislative histories of I.R.C. §§ 34 and 6427, including particularly that portion of the Sen. Comm. on Finance, Airport and Revenue Act of 1970, S.Rep. No. 91–706 (1970), reprinted in 1970–1 C.B. 386, 398–399. Order dated April 21, 2000. *See* Defendants Post–Hearing Brief (Def.'s Br.); Post–Hearing Brief of Schlumberger Technology Corporation (Pls.' Br.).

Those briefs, together with the previous briefing and argument, support, in the court's view, the interpretation of the so-called "one claim" rule in I.R.C. § 6427(i) urged by plaintiff: the one claim rule does not bar timely claims for tax credit under I.R.C. § 34, provided only that the claim under I.R.C. § 34 does not duplicate a claim under I.R.C. § 6427. *See* I.R.C. § 34(b).

The points of argument, however close, in the end tip toward the plaintiffs' position. The most basic is, of course, the plain language. Section 6427 of the Code simply does not purport to control or limit the rights afforded to the taxpayer by I.R.C. § 34.

It is true, as the government contends, that the one claim rule in I.R.C. § 6427(i) is an "explicit statutory requirement that must be observed." Def.'s Mot. at 13. It is the scope of that requirement that is in doubt. In the government's view, "[t]he only authority under which [plaintiffs] can claim a credit for the fuel tax paid to vendors ... is § 6427 .... If § 6427 does not apply, no other section of the Internal Revenue Code authorizes the Secretary to make a refund or credit." *Id.* In the governments's view, "§ 6427(k)(3) *provides for the allowance of a*

*credit against income tax* and cross-references § 34." Def.'s Mot. at 11 (emphasis added). That sentence suggests that the authority to grant the credit is contained in § 6427(k)(3). In the court's view, that is not correct.

What § 6427(k)(3) actually does is to direct the reader's attention to the fact that the credits are covered elsewhere, not in § 6427, but rather in § 34. "For allowances of credit against the income tax imposed by subtitle A for fuel used or resold by the purchaser, see section 34." I.R.C. § 6427(k)(3). The text of I.R.C. § 34, to which the text of § 6427(k)(3) refers the reader, does not in any way suggest that the credit it affords is limited by procedural aspects of § 6427. In the court's view, the most natural interpretation of the purpose of the references to I.R.C. § 6427 contained in I.R.C. § 34 are to provide a convenient measure of the amount of the credit to be afforded ("an amount equal to the sum of the amounts payable to the taxpayer ... under section 6427"), not to establish a basis in law for awarding the credit, which is done in clear terms by the text of I.R.C. § 34(a) itself ("There shall be allowed as a credit ...."). I.R.C. § 34(a). The fact that amounts were or were not actually claimed under I.R.C. § 6427 is clearly irrelevant to the availability of the credit afforded under I.R.C. § 34. Indeed, I.R.C. § 34(b) contemplates that the taxpayer may have made claims under I.R.C. § 6427 and only disallows credits to the extent duplicative of such claims. I.R.C. § 34(b).

It is also true, as the government contends, that the regulations issued by the Secretary of the Treasury under I.R.C. § 6427(g) (currently § 6427(m)) are entitled to substantial deference. Def.'s Br. at 8–9. But the regulations cited by the government address only those amounts to which the taxpayer is entitled under I.R.C. § 6427. Def.'s Br. at 8–9 (quoting Treas. Reg. § 48.6427–3). It is not necessary, as the government argues, Def.'s Br. at 9–10, that I.R.C. § 34 explicitly "override" the one claim rule restated in the Treasury Regulation the government quotes. If, as the court believes, I.R.C. § 34 provides authority independent of I.R.C. § 6427 for affording a

credit, the regulatory framework under I.R.C. § 6427 is inapplicable.

■ To the extent that an examination of the texts of the statutes may be thought to leave any uncertainty, the court looks to the relevant legislative history for guidance. *See* Singer, *supra,* § 48.01 at 410–415. As the Supreme Court has noted, however, "[a]bsent a clearly expressed legislative intention to the contrary, that language [of the statute] must ordinarily be regarded as conclusive." *GTE,* 447 U.S. at 108, 100 S.Ct. 2051. In particular, in this case, the court seeks any available guidance on the question of whether or not I.R.C. § 34 should be viewed, as plaintiffs contend, as an authority affording a credit independent of I.R.C. § 6427. In this connection, the court sought the parties' assistance in interpreting the legislative history generally and, in particular, the accompanying Senate Report supporting the enactment—in § 6427 and in § 39 (the predecessor provision to § 34)—of relief for payments of excise taxes to retailers by exempt users. The Senate Report is of interest because it contains a detailed discussion of both §§ 39 and 6427, unlike the briefer Conference Report. *Compare* S.Rep. No. 91–706, *reprinted in* 1970–1 C.B. 386, 398–399 (S.Rep.), *with* Conf. Rep. No 91–1074, *reprinted in* 1970–1 C.B. 401, 407 (Conf.Rep.).

■ There is nothing in the legislative history that is a clearly expressed legislative intention contrary to the plain language discussed above. *See GTE,* 447 U.S. at 108, 100 S.Ct. 2051; *see also* Def.'s Mot. at 13. The text of the Conference Report, even in terse fashion, supports plaintiffs' view that §§ 39 and 6427 are parallel authorities:

> This amendment provides procedures for the payment of amounts (under a new section 6427 of the Code) or for the crediting against income tax (under the existing section 39 of the Code) in the case of the retailers excise taxes on gasoline and special fuels....
>
> The amendment also provides that, in general, the time for filing claims for credit under section 39, and the time for filing full-year claims by government bodies or exempt organizations for excise tax payments under specified sections of the Code, will be comparable to the time in which claim for credit or refund of income taxes may be filed.
>
> The House recedes with technical changes.

Conf. Rep. at 407. The report speaks of "procedures" to be made available, in a parallel structure of relief by "payment" (§ 6427) or by "crediting against income tax" (§ 39). There is no suggestion that § 6427 provides the exclusive or otherwise controlling authority.

The Senate Report, at several points, confirms the conclusion the court draws from the Conference Report, that §§ 39 and 6427 were viewed by Congress as parallel authorities affording relief from taxes paid to retailers. The Senate Report repeatedly distinguishes claims made under then § 39 from credits available under § 6427, including, for example, in the following discussion of the different treatment of credits against income tax and payments under the excise tax provisions:

> Under the committee amendments, credits against income tax for gasoline, diesel fuels, special fuels, or lubricating oil tax (sec.39) are to give rise to interest on overpayments as in the case of other income tax credits. On the other hand, payments under the excise tax provisions (secs....6427) for the gasoline, diesel fuels, special fuels, or lubricating oil taxes, as the case generally with regard to excise taxes (and as under present law), are made without interest being paid to the taxpayer.

S. Rep., 1970–1 C.B. at 399. Again, there is no suggestion that the credits available under § 39 were created by or limited by § 6427. Further, the report notes that "[t]his [an extension of the time within which a § 6427 claim may be made] will make the filing of full-year claims ... for refunds (under secs.... 6427) similar to the new rule for claims for credits against income tax (under sec. 39)." *Id.* The relief afforded by §§ 39 and 6427 appears to have been intended to be equal in authority and effect.[9]

---

9. The government argues that adjustment of the

time for filing claims under § 6427 indicates that

III. Conclusion

For the foregoing reasons, the Motion of the United States for Partial Summary Judgment is DENIED. The parties shall, on or before September 7, 2000, file with the court individual status reports or, if the parties can agree, a joint status report, describing and proposing a schedule with respect to such further proceedings as shall be necessary fully to resolve this matter.

IT IS SO ORDERED.

"only one claim (for credit or refund) could be filed by an ultimate purchaser with respect to retailer's excise taxes on gasoline and special fuels ...." Def.'s Br. at 7. The court finds this interpretation of the legislative history unpersuasive in view of the parallel treatment accorded to "payment" of a claim (§ 6427) and "crediting against income tax" (§ 39) in the texts of the reports.