The WESTERN COMPANY OF NORTH AMERICA, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 00–564 T.

United States Court of Federal Claims.

March 21, 2002.

---

Daniel L. Penner, Fort Worth, TX, attorney of record for plaintiff.

Elizabeth D. Seward, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, attorney of record for defendant, with whom were David Gustafson, Assistant Chief; Mildred L. Seidman, Chief; and Eileen J. O'Connor, Assistant Attorney General.

## OPINION

DAMICH, Judge.

The subject matter of this case includes a claim for an income tax credit for diesel fuel excise taxes that were allegedly overpaid by Plaintiff and a claim for refund of a wrongfully imposed, fraudulent failure-to-file ("FTF") penalty. Before the Court are two motions to dismiss the complaint in part. First, Defendant seeks to dismiss the complaint in part under Rule of the Court of Federal Claims ("RCFC") 12(b)(4) because Plaintiff's claims for income tax credit for diesel fuel taxes for 1993 and 1994 are barred by the "one-claim" rule of 26 U.S.C. § 6427(i)(1).[1] Second, Defendant seeks to dismiss the complaint in part pursuant to RCFC 12(b)(1) because Plaintiff's FTF penalty claim is barred by the substantial variance doctrine.

---

1. Unless otherwise indicated, "§" or "section" refers to the Internal Revenue Code of 1986, 26 U.S.C., as amended and in effect during the relevant period.

For the reasons discussed below, both of Defendant's motions to dismiss in part are GRANTED.

## I. Background

Pursuant to 26 U.S.C. § 4091, producers or importers of diesel fuel to the United States were required to pay a tax on any sale of diesel fuel in 1993.[2] Beginning in 1994, pursuant to 26 U.S.C. § 4081, that tax was imposed on the removal of a taxable fuel from a refinery or terminal, or upon entry of any taxable fuel into the United States for consumption, use, or warehousing.[3] However, in both tax years an ultimate purchaser of diesel fuel could recover the tax imposed on it if the diesel fuel was used in vehicles for certain "nontaxable uses" pursuant to 26 U.S.C. § 6427(1).[4] An ultimate purchaser of diesel fuel could recover the tax either by means of a refund under 26 U.S.C. § 6427(1) (subject to the limitation contained in 26 U.S.C. § 6427(k)) or by means of a tax credit under 26 U.S.C. § 34(a). In its complaint, Plaintiff maintains that, as an ultimate purchaser of diesel fuel, it is entitled to a diesel fuel tax credit for fuel that it used in certain mobile equipment units, which are not "highway vehicles," as that term is defined in 26 C.F.R. §§ 41.4482(c) and 48.4061(a)–1(d) during tax years 1993 and 1994.

Plaintiff filed corporate income tax returns, on Form 1120, for 1993 and 1994, including with each return a Form 4136 on which it claimed diesel fuel credits. It sought $45,637 in diesel fuel credits for 1993

and $84,392 for 1994. On March 19, 1997, and March 17, 1997, respectively, Plaintiff filed an amended income tax return on Form 1120X and an amended diesel tax credit claim on Form 4136 for each amended return, claiming a different rate of fuel usage from that claimed on the original Forms 4136 for tax years 1993 and 1994. The Internal Revenue Service ("IRS") issued refunds to Plaintiff for both years in May and June 1997.[5]

Believing that it was entitled to additional fuel credits, on September 12, 1997, and September 15, 1998, Plaintiff filed, for tax years 1993 and 1994, two amended tax returns on Form 1120X, including an amended diesel fuel credit claim on Form 4136 for each amended income tax return. Plaintiff sought additional income tax credits for use of diesel fuel in the amounts of $304,719 plus interest for tax year 1993 and $377,018 plus interest for year 1994. These claims were disallowed by the IRS on February 9, 1999, and February 24, 2000. Both claims were disallowed by the IRS on the ground that Plaintiff was not permitted to file more than one claim for tax credit under 26 U.S.C. § 6427(i)(1), which provides as follows:

§ 6427 FUELS NOT USED FOR
TAXABLE PURPOSES

(i) Time for Filing Claims;
Period Covered.—

(1) General Rule—Except as provided in paragraphs (2), (3), and (4), not more than

---

2. **§ 4091. Imposition of tax**
    (a) In General—There is hereby imposed a tax on the sale of any taxable fuel by the producer or the importer thereof or by any producer of a taxable fuel.
    26 U.S.C. § 4091 (1988). Diesel fuel is defined as a taxable fuel. 26 U.S.C. § 4092(a)(1)(A) (1988).

3. **§ 4081. Imposition of tax**
    (a) **Tax Imposed.**
        **(1) Tax on Removal, Entry, or Sale**
        **(A) In General.**
        There is hereby imposed a tax ... on—
        (i) the removal of a taxable fuel from any refinery,
        (ii) the removal of a taxable fuel from any terminal,
        (iii) the entry into the United States of any taxable fuel for consumption, use, or warehousing, and

(iv) the sale of taxable fuel to any person who is not registered under section 4101 unless there was a prior taxable removal or entry of such fuel under clause (i), (ii), or (iii).
26 U.S.C. § 4081 (1988 & Supp. V 1993). Diesel fuel is defined as a taxable fuel. 26 U.S.C. § 4083(a)(1)(B) (1988 & Supp. V 1993.)

4. § 6427(1) was enacted by the Omnibus Budget Reconciliation Act of 1987, Pub.L. No. 100–203, § 10502(c)(1), 101 Stat. 1330–442.

5. The Defendant insists that these claims were allowed erroneously, but that it is not asserting a counterclaim with respect to those refunds because the two-year limitation of claim for recovering an erroneous refund has expired. *See* 26 U.S.C. § 6532(b).

one claim may be filed under subsection (a), (b), (c), (d), (g), (h), ($l$), or (q) by any person with respect to fuel used ... during his taxable year, and no claim shall be allowed under this paragraph with respect to fuel used ... during any taxable year unless filed by the purchaser not later than the time prescribed by law for filing a claim for credit or refund of overpayment of income tax for such taxable year.

26 U.S.C. § 6427(i)(1) (1988 & Supp. IV 1992).[6]

In its second amended tax return for year 1993, filed on September 12, 1997, Plaintiff also reported an amended net change in taxable income for year 1993 in Part I, line 3, column (b) of Form 1120X in the amount of $310,938. However, the IRS mistakenly coded this amount as a fraudulent failure-to-file return ("FTF") penalty under 26 U.S.C. § 6651(f). On December 8, 1997, the IRS assessed the FTF penalty together with interest of $37,251.18 on Plaintiff.

Plaintiff claims to have first received notice of an unpaid income tax liability for 1993 on January 14, 1998, when it received a Final Notice of unpaid taxes and intent to levy to collect. On January 21, 1998, Plaintiff contacted the IRS about the unpaid tax liability. When told that the assessment was for a fraud penalty, Plaintiff requested documentation to support it. In response, the IRS sent to Plaintiff a Record of Accounts, which included the assessed FTF penalty. The IRS formally notified Plaintiff by letter on April 13, 1998, that it had satisfied the FTF penalty by applying overpayment credits from Plaintiff's heavy-vehicle-use tax account for the taxable period beginning on July 1, 1994, through June 30, 1995. The amount of credits applied in satisfaction of the FTF penalty and interest totaled $348,189.58. Although Plaintiff protested the IRS's barring of its second amended claim for credits for diesel fuel taxes for year 1993 due to the one-claim rule of § 6427(i), it never protested the FTF penalty assessment or payment nor did it ever file a formal claim or otherwise amend

any outstanding claims before the IRS regarding diesel fuel taxes to address the FTF penalty issue.

## II. Failure–to–File Return Penalty

■ Plaintiff argues that it has filed suit to compel the IRS to comply with 26 U.S.C. §§ 6401 and 6402. § 6401(a) provides that an "overpayment includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto." In the case of an overpayment, § 6402(a) provides that the Secretary "shall," with exceptions not relevant here, "refund any balance to such person." On these two statutes alone, Plaintiff maintains that this Court may direct the Defendant to pay any overpayment without resorting to the filing of a claim for refund under 26 U.S.C. § 7422(a).

26 U.S.C. § 7422(a) states that a court may not hear a suit for a tax refund unless a refund claim is first submitted to the IRS in the manner prescribed by litigation.

> § 7422. Civil Actions for Refund
>
> (a) No Suit prior to Filing Claim for Refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claims to have been collected wrongly without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (1994).

The regulation implementing § 7422(a) provides that:

> (b) *Grounds set forth in claim.* (1) No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the

---

**6.** The quoted subsection 6427(i)(1) was in effect in 1993. In 1993 (and effective January 1, 1994), the section was amended by the Omnibus Budget Reconciliation Act of 1993, Pub.L. 103–

66, § 13242(c)(2)(B), 107 Stat. 312, 522, which substituted "otherwise provided in this subsection" for "provided in paragraphs (2), (3), and (4)."

grounds set forth in a claim filed before the expiration of the period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner [of Internal Revenue] of the exact basis thereof.

26 C.F.R. § 301.6402–2(b)(1) (2000).

Plaintiff cites no authority for the proposition that a taxpayer may file suit for "overpayment" pursuant to § 6402(a) in lieu of filing a suit for a refund. If a taxpayer could do so, the statutory requirement of a filed claim for refund under § 7422(a) would be rendered superfluous. Moreover, 26 C.F.R. § 301.6402–2(a)(1) (2000) provides that "refunds of overpayments may not be allowed or made after the expiration of the statutory period of limitation properly applicable, unless, before the expiration of such period, a claim therefor has been filed by the taxpayer." Thus, IRS regulations expressly require a taxpayer that seeks a refund of an overpayment to file a claim with the IRS. Such regulations are owed deference so long as they reasonably comport with congressional mandate. *United States v. Cleveland Indians Baseball Company*, 532 U.S. 200, 121 S.Ct. 1433, 1444, 149 L.Ed.2d 401 (2001) (quoting *United States v. Correll*, 389 U.S. 299, 308, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967)). This Court finds no basis for determining that these regulations do not comport with congressional intent in enacting § 7422(a). Therefore, §§ 6401 and 6402 cannot be construed as an exception to the refund claim requirements of § 7422(a).

■ Accordingly, from § 7422(a) and its implementing regulation, this Circuit has derived the "substantial variance" doctrine in which a taxpayer is barred from maintaining a tax refund claim if it has not first filed a claim for a refund from the IRS. *Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1137–38 (Fed.Cir.1983). *See also Burlington N. Inc. v. United States*, 231 Ct.Cl. 222, 225, 684 F.2d 866 (1982) ( "A proper claim for refund must set forth in detail each ground upon which the refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.") Taxpayers are barred from substantially varying either the factual basis or the legal basis of any claim for refund that may have been presented. *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed.Cir.2000) ("With regard to the legal component of the substantial variance rule, any legal theory not expressly or impliedly contained in the application for refund cannot be considered by a court in which a suit for refund is subsequently initiated. The taxpayer similarly may not substantially vary at trial the factual bases raised in the refund claims presented to the IRS.") (internal quotation marks and citations omitted). The substantial variance is a jurisdictional prerequisite. *Ottawa Silica Co.*, 699 F.2d at 1139.

■ Plaintiff plainly failed to submit a claim to the IRS with respect to the FRF penalty issue despite the fact that it was notified on April 18, 1998, that the penalty had been paid by applying overpayment credits from its heavy-vehicle-use tax account for another period. However, Plaintiff maintains that, on September 29, 1998, during a conference on the one-claim rule appeal, Mark Cox, the tax director of BJ Services Company, the successor to the Western Company, raised the FTF penalty issue with the IRS appeals officer, William Cappleman, in the Houston Office of IRS Appeals, and that Mr. Cappleman responded that he would look into the matter, but no further action was ever taken. Cox Aff. ¶ 5. Mr. Cappleman has declared that he does not recall this conversation nor do his notes reflect any such request having taken place. Cappleman Decl. ¶ 7. However, the alleged representations of Mr. Cappelman, assuming that Mr. Cox's recollections are accurate, are insufficient to establish either an informal claim by Plaintiff or that the IRS formally waived its written notice requirement.

■ First, an informal refund claim must: (a) put the IRS on notice that the Plaintiff is asserting a right to a refund for a specific tax year, (b) contain sufficient information for the IRS to examine the merits of the refund claim, and (c) must contain a written component. *American Radiator & Standard Sanitary Corp. v. United States*, 162 Ct.Cl. 106, 113–14, 318 F.2d 915, 920 (1963). However, at no time did Plaintiff

ever reduce its objections to the FTF claim to writing. Oral statements, without further corroboration, are insufficient to establish an informal claim for refund. *Furst v. United States,* 678 F.2d 147, 151–52, 230 Ct.Cl. 375, 380 (Ct.Cl.1982); *Disabled American Veterans v. United States,* 650 F.2d 1178, 1179–80, 227 Ct.Cl. 474, 476 (Ct.Cl.1981); *Pinckes v. United States,* 7 Cl.Ct. 570, 571 (1985).

Moreover, Plaintiff is incorrect when it states, citing *National Forge and Ordnance Co. v. United States,* 139 Ct.Cl. 204, 151 F.Supp. 937 (1957), that a taxpayer has sufficiently stated a claim for purposes of bringing suit before this Court if it places the IRS on notice that its taxes were erroneously computed. Subsequent cases have construed *National Forge's* holding to mean only that a computational issue that was integral or subsidiary to grounds asserted in an earlier filed claim could be heard by this Court. *Union Pacific R.R. Co. v. United States,* 182 Ct.Cl. 103, 110, 389 F.2d 437, 443 (Ct.Cl.1968). However, the FTF penalty issue in this case, though imposed as a result of a clerical error, is not a mathematical error in the computation of the diesel fuel credit claim but is instead a claim arising independently of any claim for tax credit for diesel fuel.

Though Plaintiff has cited several cases outside this Circuit claiming that the mandate of § 7422(a) is satisfied in this case, all are inapposite. Unlike the situation in *May, Stern and Co. v. Heiner,* 36–1 U.S.T.C. (CCH) ¶ 9304 (W.D.Pa.1936) on which it relies, Plaintiff did not reduce its objection to the FTF penalty in writing and its claim, as stated above, is not a mathematical error in a pre-existing claim. Other cases upon which Plaintiff relies can similarly be distinguished. *See United States v. Andrews,* 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398 (1938); *Martinez v. United States,* 595 F.2d 1147, 1148 (9th Cir.1979); *Crocker v. United States,* 563 F.Supp. 496 (S.D.N.Y.1983); *Fearis v. Commissioner of Internal Revenue,* 548 F.Supp. 408 (N.D.Tex.1982); *Neal v. United States,* 402 F.Supp. 678 (D.N.J.1975).

■ Finally, although the IRS can waive its requirement that a taxpayer must reduce its claim to writing, Plaintiff must make a showing that the IRS has unmistakably waived that requirement. *Angelus Milling Co. v. Commissioner,* 325 U.S. 293, 297, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945) ("The showing must be unmistakable that the Commissioner has dispensed with his formal requirements and examined the merits of the claim asserted; his attention should have been focused on the merits of the particular dispute.") The most that can be said of Plaintiff's claim is that Mr. Cox recalled that he orally notified the IRS appeals officer of the existence of the FTF penalty problem and that he was told that the IRS would "look into it." The affidavit, standing alone, fails to establish that the IRS unmistakably waived the written notice requirement and that it actually examined the merits of Plaintiff's claim.

It is of particular importance to emphasize what this case is not. Unlike the cases which Plaintiff cites above, Plaintiff was not, by the conduct of the IRS, deprived of the opportunity to file a claim for a refund within the statute of limitations period because the Government failed to provide documents that would establish the nature and/or basis of the claim. Plaintiff received a written record of accounts from the IRS describing the FTF penalty and was given notice of the satisfaction of the penalty by means of overpayment credits. Plaintiff had the opportunity to amend its original claim for diesel fuel credits in 1993 to account for the FTF penalty issue. However, it did not do so. Having failed to do so, Plaintiff cannot seek a refund in this Court without complying with § 7422(a).[7]

---

**7.** In the alternative, Plaintiff seeks payment for the FTF penalty under the theory of conversion. However, under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994), this Court possesses subject matter jurisdiction to "render judgment upon any claim against the United States ... not sounding in tort." Because a suit for conversion is an action that sounds in tort, this Court does not have jurisdiction to hear such a claim. *Trauma Service Group, Ltd. v. United States,* 33 Fed. Cl. 426, 432 (1995), *aff'd,* 104 F.3d 1321, 1327 (Fed.Cir.1997); *Allstate Financial Corp. v. United States,* 29 Fed.Cl. 366, 368 (1993).

Accordingly, Plaintiff's FTF penalty claim must be dismissed without prejudice.[8]

## III. One–Claim Rule

### A. Standard for a Motion to Dismiss Pursuant to RCFC 12(b)(4)

"A motion to dismiss under Rule 12(b)(4) for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy .... In reviewing the dismissal under Rule 12(b)(4), we are mindful that we must assume all well-pled factual allegations as true and make all reasonable inferences in favor of ... the nonmovant." *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998). "Dismissal under Rule 12(b)(4) is appropriate only when it is beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief .... Because granting such a motion summarily terminates the case on its merits, courts broadly construe the complaint, particularly in light of the liberal pleading requirements under the Federal Rules of Civil Procedure." (citations omitted; internal quotation marks omitted). *Ponder v. United States,* 117 F.3d 549, 552–53 (Fed.Cir.1997).

### B. Analysis

As stated above, § 6427(i)(1) limits, with exceptions not applicable here, ultimate purchasers of diesel fuel to filing one claim per taxable year for refunds of certain fuels, including diesel fuel, not used for taxable purposes. While it is not disputed that the one-claim rule of § 6427(i)(1) applies to refunds of diesel fuel used for non-taxable uses pursuant to § 6427(*l*), it is disputed by the parties as to whether claims for tax credits for diesel fuel used for non-taxable purposes are likewise barred by the one-claim rule. Both parties take opposing views as to whether 26 U.S.C. § 34(a) or § 6427(*l*) is the substantive grant of the tax credit at issue. This inquiry is further complicated by two separate references to a tax credit for fuels used for non-taxable uses. These references are found in 26 U.S.C. § 34(a) and 26 U.S.C. § 6427(k)(3).

Plaintiff claims that 26 U.S.C. § 34 is the substantive provision allowing a credit for diesel fuel taxes. § 34 provides in relevant part:

> **§ 34. Certain Uses of Gasoline and Special Fuels**
>
> (a) GENERAL RULE.—There shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the sum of the amounts payable to the taxpayer—
>
> ....
>
> (3) under section 6427—
>
> (A) with respect to fuels used for non-taxable purposes or resold ....
>
> ....
>
> during the taxable year (determined without regard to section 6247(k)).
>
> (b) EXCEPTION.—Credit shall not be allowed under subsection (a) for any amount payable under section ... 6427, if a claim for such amount is timely filed and under section ... 6427(k), is payable under such section.

26 U.S.C. § 34 (1988).[9]

No "one-claim" rule is explicitly provided in § 34. Instead, the only relevant exception to a tax credit provided in § 34 is that an ultimate purchaser cannot request a refund under § 6427 and a credit under § 34 for the same claim. Thus, based on the plain lan-

---

8. Notwithstanding the dismissal of this count without prejudice, it is undisputed that Plaintiff has been wrongfully deprived of $348,189 58 of tax credits because of the imposition of the FTF penalty. Without prejudice to any legal argument that Defendant may make in a hypothetical future proceeding against reinstatement of the credits, the Court notes that, as stated by former Chief Judge Smith, "[i]t is the obligation of the United States to do right." *California Federal Bank v. United States,* 39 Fed.Cl. 753, 754 (1997). It is to be hoped that, should Plaintiff administra-

tively pursue its FTF penalty claim, the IRS will address its claim with the considerations of equity and fairness that, in this case, the claim well deserves.

9. § 34, as originally enacted, was designated § 39 by the Excise Tax Reduction Act of 1965, Pub.L. No. 89–44, § 809(c), 79 Stat. 136, 167. It was subsequently re-designated as § 34 by the Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 471(c)(1), 98 Stat. 494, 826.

guage of § 34 standing alone, Plaintiff maintains that there are no limitations on the number of claims that may be filed for a tax credit for diesel fuels. Plaintiff provides as support for its position a previous decision in this Court which held that the one-claim rule in § 6427(i) does not limit the number of claims for tax credits for diesel fuel used for non-taxable purposes because § 34(a) does not contain a one-claim rule. *Schlumberger Tech. Corp. and Subsidiaries v. United States*, 47 Fed.Cl. 298, 303 (2000). The reasoning in *Schlumberger* was also explicitly followed by the U.S. Tax Court in *FPL Group, Inc. and Subsidiaries v. Comm'r*, 116 T.C. No. 7, 2001 WL 85184 (2001).

Defendant, on the other hand, argues that § 6427(*l* ) is the substantive provision that provides a credit for ultimate purchasers of diesel fuel.[10] Subsection (*l* ) provides as follows:

(l) **Non-taxable uses of diesel fuel, kerosene, and aviation fuel—**

(1) **In general.**—Except as otherwise provided in this subsection and in subsection (k), if—

(A) any diesel fuel ... which tax has been imposed by section 4041 or 4081

. . . .

is used by any person in a non-taxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4041 [or] 4081 ... as the case may be. 26 U.S.C. § 6427(*l* )(1)(A) (1988 & Supp. V 1993).[11]

As seen above, subsection (*l* ), in addition to providing a refund for diesel fuel for non-taxable uses by ultimate purchasers, specifically incorporates subsection (k), which identifies the taxpayers that are entitled to receive a payment—as opposed to an income tax credit. Subsection (k)(1) provides that certain entities not subject to income tax, except as provided in (k)(2), are entitled to cash payments. The entities listed in subsection (k)(1) include the United States, state governments and political subdivisions of the same, and organizations exempt from tax under § 501(a). Subsections (k)(1) and (k)(2) are relevant insofar as they identify the individuals to whom the Government may make a cash payment for ultimate purchasers of diesel fuel used for non-taxable use. Subsection (k)(3) is a cross-reference to the credit that Plaintiff seeks. Subsection (k)(3) provides as follows:

(k) **Income tax credit in lieu of payment.—**

. . .

(3) **Allowance of credit against income tax.**—For allowances of credit against the income tax imposed by subtitle A for fuel used and resold by the purchaser, see section 34.

26 U.S.C. § 6427(k)(3) (1988).

§ 6427(*l* ), so Defendant argues, is the substantive legal basis for a tax credit for diesel fuel because § 6427(*l* ) dictates that the Secretary "shall pay" a refund "except as otherwise provided in ... subsection (k)." Subsection (k)(3) cross-references the allowance for a tax credit found in § 34. Thus, according to Defendant, the IRS is directed to pay a claim for a refund for diesel fuel used for non-taxable uses filed under section 6427(*l* ) to the extent that the ultimate purchaser is identified as one that is allowed to receive a cash payment under subsection (k)(1). Subsection (k)(3), in turn, points to the § 34(a) credit for those purchasers who are not entitled to receive a payment as provided in subsection (k)(1).

> Except as provided in subsection (k) ... if any fuel on which tax has been imposed by section 4091 is used by any person in a non-taxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4091.
> 26 U.S.C. § 6427(*l* )(1) (1988 & Supp. IV 1992).

---

**10.** Unlike the present case, it appears from *Schlumberger* that Defendant previously argued that subsection (k)(3) was the substantive authority granting a tax credit for non-taxable uses of diesel fuel. *Schlumberger*, 47 Fed.Cl. at 303.

**11.** The above-quoted citation of § 6427(*l* )(1) was in effect in 1994. In 1993, the following relevant portion of § 6427(*l* )(1) provided, in pertinent part:

The *Schlumberger* court determined that § 34 is the substantive authority to grant a credit for tax at issue. Because there is no explicit limitation on subsequent claims in § 34, it held the one-claim limitation of § 6427(i) does not apply to claims for tax credits under § 34(a)(3). The court reasoned as follows:

> [The Defendant] suggests that the authority to grant the credit is contained in § 6427(k)(3). In the court's view, that is not correct.
>
> What § 6427(k)(3) actually does is to direct the reader's attention to the fact that the credits are covered elsewhere, not in § 6427, but rather in § 34 .... The text of I.R.C. § 34, to which the text of § 6427(k)(3) refers the reader, does not in any way suggest that the credit it affords is limited by procedural aspects of § 6427. In the court's view, the most natural interpretation of the purpose of the references to I.R.C. § 6427 contained in I.R.C. § 34 are to provide a convenient measure of the amount of the credit to be afforded ("an amount equal to the sum of the amount payable to the taxpayer ... under section 6427"), not to establish a basis in law for awarding the credit, which is done in clear terms by the text of I.R.C. § 34(a) itself ("There shall be allowed as a credit ...."). I.R.C. § 34(a). The fact that amounts were or were not actually claimed under I.R.C. § 6427 is clearly irrelevant to the availability of the credit afforded under I.R.C. § 34. Indeed I.R.C. § 34(b) contemplates that the taxpayer may have made claims under § 6427 and only disallows credits to the extent duplicative of such claims. I.R.C. § 34(b).

*Schlumberger*, 47 Fed.Cl. at 303.

The interplay between §§ 34 and 6427 is readily characterized in varying ways. However, after careful consideration, this Court respectfully comes to a different conclusion from *Schlumberger*.[12] It is true that grant of authority for receiving a tax credit is to be found in § 34(a) for two reasons. First, the plain language of § 34(a) permits the taxpayer to receive a credit. ("There shall be allowed as a tax credit ...."). Second, the grant of authority for a tax refund under § 6427(*l*) expressly incorporates subsection (k), which limits the ultimate purchasers who can receive a tax refund to federal and state governments and certain tax-exempt institutions ("except as provided in subsection (k));" while section 34(a)(3) excludes the subsection (k) limitation ("determined without regard to section 6427(k))." Thus, in the absence of § 34(a), which excludes the subsection (k) limitation, Plaintiff would not be able to be reimbursed for the diesel fuel that it used. However, this Court does not agree that § 34(a) provides the substantive basis for a tax credit independent of the one-claim rule of § 6247(i).

The language of § 34(a) specifically allows a tax credit, "an amount equal to the sum of the amount payable to the taxpayer ... under section 6427." Thus, the determination of whether a taxpayer is eligible for the tax credit at issue is predicated on whether the taxpayer qualifies for a tax refund under § 6427. The mere fact that the substantive legal basis for a tax refund for diesel fuel used for nontaxable purposes is found in § 6427(*l*) and the one-claim rule is found elsewhere, namely § 6427(i), is immaterial as to whether the one-claim rule applies to tax credits under § 34(a) for several reasons. First, the text of § 34(a) does not distinguish between the substantive provisions and the procedural provisions of § 6427. In *Kennedy v. Commissioner*, 29 T.C.M. (CCH) 255 (1970), *aff'd per curiam*, 451 F.2d 1023 (3rd Cir.1971), *cert. denied*, 406 U.S. 920, 92 S.Ct. 1776, 32 L.Ed.2d 120 (1972), the Tax Court denied a taxpayer's claim for a gasoline tax credit for 1966 under former § 39, currently § 34, because he could not prove that he filed a timely return, as required by former

---

12. In part, this Court comes to a different conclusion from *Schlumberger* because, unlike in *Schlumberger* where Defendant argued that section 6427(k)(3) provided the basis for the tax credit at issue, Defendant argues here that "[a]s an ultimate purchaser of diesel fuel, plaintiff's entitlement to a cash payment or credit arises from § 6427(*l*)." Def.'s Mot. at 7. By looking at the entitlement to a credit through the prism of § 6427(*l*), rather than § 6427(k)(3) (which as stated in *Schlumberger* naturally reads as a cross-reference), the Court sees the one-claim rule from a different perspective than it otherwise might have.

§ 6421(c)(3)(A)(ii) (1966). Moreover, procedural rules in the Internal Revenue Code are, for the most part, contained within its own separate section of the Internal Revenue Code (Subtitle F) apart from any of the substantive rules of the Internal Revenue Code. Thus, the absence of a procedural rule contained either within § 34 or within § 6427(l) does not mean that procedural rules contained outside § 6427(l) are not applicable. Second, the inclusion of the clause "determined without regard to 6427(k)" in § 34(a)(3) indicates that Congress intended that other subsections of § 6427, including the one-claim rule in subsection (i), would apply to taxpayers seeking credits under § 34(a)(3). If Congress intended that § 34(a)(3) operate independently of subsections of § 6427 other than subsection (l), the clause "determined without regard to section 6427(k)" would be unnecessary.

Another difficulty with the *Schlumberger* court's reasoning is that if it is true that the one-claim rule does not apply to claims for tax credits under § 34, but only to claims for refunds under section § 6427(l), then the one-claim rule is effectively limited in scope to governments and other tax-exempt organizations. This is because subsections 6427(a), (b), (c), (d), (f), (h), (l), and (q), all of which during the tax years at issue provided that a sum of money would be refunded to an identified taxpayer for a certain use or production of specified fuels, were each limited in application by the phrase, "except as provided in subsection (k)." Subsection (k)(1) provides, as stated above, that refunds or payments for certain uses of fuels may only be made to the United States, individual states, and certain tax-exempt organizations as described in § 501(a) that do not file income tax returns. It would be a highly peculiar reading of the statute to suggest that Congress intended that private taxpayers would be able to file multiple claims for credits for each tax year, while the United States Government, state and local governments, and certain tax-exempt institutions, none of which file tax returns, would be restricted to filing only one claim per year.

However, not only is there no suggestion in the statute that Congress intended that the application of the one-claim rule was limited to payments as opposed to credits, such an inferred intent would have defeated the partial repeal of the one-claim rule with respect to a similar statutory provision that granted tax refunds for ultimate purchasers of fuels to produce "certain alcohol fuels"; i.e., gasohol, in § 6427(f).[13] The Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 208, made two changes in amending the one-claim rule as then found in § 6427(h), effective after December 31, 1987. First, section 1703(d)(1) of the Tax Reform Act of 1986, 100 Stat. 2085, 2777, amended the one-claim rule as then found in section 6427(h) (re-designated as section 6427(i) pursuant to section 1703(e)(1)(A) of the Tax Reform Act of 1986) by adding a new paragraph (3), Special Rule for Gasohol Credits,[14] which, notwithstanding the one-claim rule, permitted gasohol blenders to file for weekly payments reimbursing the fuel tax imposed on gasoline used to make gasohol.[15] At the same time, Congress

---

**13.** **(f) Gasoline used to produce certain alcohol fuels.**

    **(1)** **In general.** Except as provided in subsection (j), if any gasoline on which a tax was imposed by section 4081 ... is used by any person in producing a mixture described in section 4081(c) which is sold or used in such person's trade or business, the Secretary shall pay (without interest) to such person an amount equal to the amount determined at the rate of 5⅗ cents a gallon. The preceding sentence shall not apply with respect to any mixture sold or used after December 31, 1992.

26 U.S.C. § 6427(f)(1)(A) (1982 & Supp. IV 1986).

Subsection (j) was also re-designated as subsection (k), pursuant to § 1703(e)(1)(A) of the Tax Reform Act of 1986.

**14.** The Special Rule for Gasohol Credits of section 6427(i)(3) was re-designated as a "Special Rule for Alcohol Mixture Credits" by the Omnibus Budget Reconciliation Act of 1993, Pub.L. 103–66, § 13242(d)(28)(A), 107 Stat. 312, 525.

**15.** Subsection (j)(2), (re-designated as (k)(2)) was amended to allow producers to file claims for gasohol credits (currently alcohol mixtures) under the Special Rule of subsection (h)(3) (re-designated as subsection (i)(3)) as an exception to the rule of subsection (j)(1) which normally limits fuel tax refunds to the United States, state governments, and certain tax exempt organizations, effective after December 31, 1987. Tax Reform

deleted the gasohol credit provision of § 6427(f) from the one-claim rule of former section 6427(h), currently section 6427(i). Tax Reform Act of 1986, § 1703(d)(1)(B)(i), 100 Stat. 2085, 2777. If the one-claim rule applied only to payments and not to credits, as held by *Schlumberger,* the removal of subsection (f) from the one-claim rule and the exclusion of gasohol credits from the one-claim rule as provided in § 6427(i)(3) would have been meaningless.

"The starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). Following the plain language of the statute, the Court interprets section 34(a) to mean that, to the same extent that a taxpayer could receive a payment under § 6427, disregarding § 6427(k) and subject to the exception in § 34(b) with respect to filed claims for payments under § 6427, the taxpayer is entitled to a credit in the same amount. This interpretation is confirmed by the necessary presence of the clause "determined without regard to section 6427(k)" in § 34(a). If that clause did not exist, a taxpayer's eligibility for a tax credit would be determined with regard to subsection (k). Because subsection (k) excludes a taxpayer from receiving a payment under § 6427, no taxpayer could ever receive a credit under § 34(a), thereby defeating the purpose of the statute.

Therefore, the key inquiry in determining whether a taxpayer can receive a credit under § 34(a)(3) is whether the taxpayer would be eligible for a payment under § 6427 if, disregarding § 6427(k), it were entitled to receive a payment rather than a credit. In this case, Plaintiff would clearly not be eligible for a refund under § 6427 even if § 6427(k) were not in the statute. Had Plaintiff, disregarding § 6427(k), sought a refund for income tax for diesel fuel used for nontaxable uses, it would have filed a claim under § 6427(*l*). Assuming that Plaintiff would otherwise qualify as an ultimate user of diesel fuel for non-taxable uses, its claims would be barred by § 6427(i)(1) ("Except as otherwise provided in this subsection, not

more than one claim may be filed under subsection ... (*l*) by any person with respect to fuel used during his taxable year."). Because Plaintiff would not be entitled to receive a refund under § 6427—disregarding § 6427(k)—it is likewise not entitled to receive a credit under § 34(a).

Moreover, the Internal Revenue Service has placed regulatory limits upon the filing of claims for credits for taxes imposed on diesel fuels in the years at issue. The regulatory limits on filing of claims for 1993 and 1994 are provided as follows:

§ 48.6427–3. **Time for filing claim for credit or payment.—**

. . .

(c) *Limit on claims per taxable year.* Not more than one claim may be filed under § 48.6427–1 [credit or payments to purchasers of special fuels used for nontaxable, farming, or other purposes] or § 48–6427–2 [credits or payments to purchasers of diesel fuels] by any person with respect to fuel used during any taxable year . . . .

26 C.F.R. § 48.6427–3(c) (1985).

§ 48.6427–8. **Claims by Ultimate Purchasers with Respect to Diesel Fuel Taxed after December 31, 1993**

. . .

(5) *Time and place for filing claims.* For rules relating to the time for filing a claim under section 6427, see section 6427(i).

26 C.F.R. § 48.6427–8 (1994).

The Court must defer to the Internal Revenue Service's regulations as long as they "implement the congressional mandate in some reasonable manner." *United States v. Cleveland Indians Baseball Company,* 532 U.S. 200, 121 S.Ct. 1433, 1444, 149 L.Ed.2d 401 (2001) (quoting *United States v. Correll,* 389 U.S. 299, 308, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967)). The Court's interpretation of § 34(a) and the IRS regulations applying one-claim restrictions to claims for tax credits for diesel fuels are, in this instance, consonant with the statute because a taxpayer can only receive a credit under § 34(a), as explained above, if it is eligible for a payment under § 6427. Because the regulations intend to implement the one-claim rule for tax

Act of 1986, § 1703(d)(1)(B)(iv), 100 Stat. 2085, 2777.

credits for claims that would purportedly be filed under § 6427, they are directly applicable to the tax credits Plaintiff seeks and they demonstrate the intent of the IRS to fulfil the congressional mandate to allow credits under § 34(a) only to the extent that the taxpayer is eligible for a payment under § 6427.[16]

Therefore, Plaintiff's claims for income tax credit for diesel fuel for years 1993 and 1994, filed subsequently to its original income tax returns for those years, are barred and must be dismissed with prejudice.[17]

## IV. Conclusion

Defendant's motion for partial summary judgment, filed on February 16, 2001, is GRANTED. Defendant's motion for partial summary judgment, filed on May 9, 2001, is also GRANTED. All of Plaintiff's claims for income tax credit for diesel fuel for years 1993 and 1994 filed subsequently to its original income tax returns for those years, are barred and must be dismissed with prejudice. Plaintiff's FTF penalty claim for tax year 1993 is dismissed without prejudice.

The parties are ORDERED, within 10 days of the entry of this opinion, to file a joint status report on whether further proceedings are necessary in this case including three mutually agreeable dates for a status conference, if needed.

**IT IS SO ORDERED.**

---

16. Both parties cite voluminous legislative history of the applicable statutes (including predecessor and parallel statutes) in furtherance of their positions. The Court has examined the submitted legislative history and found it to be unhelpful and inconclusive in discerning whether Congress intended to apply the one-claim rule to tax credits under. former § 39(a), currently section 34(a) as amended. § 6427 itself was enacted by the Airport and Airway Revenue Act of 1970, Pub.L. No. 91–258, § 207, 84 Stat. 236, 246. The legislative history of the enactment is silent as to whether the one claim rule (originally designated in subsection (d)) applies to credits obtained under § 34(a)(3). *See* S. Rep No. 706 (1970), 91st Cong. 2nd Sess. (1970), *reprinted in* 1970–1 C.B. 386, 398–99. Therefore, there is nothing in the legislative history that clearly ex-

presses an intention contrary to this Court's interpretation of the plain statutory language.

17. Plaintiff also points to a General Counsel memorandum and two revenue rulings in support of its position that the one-claim rule does not apply to diesel fuel tax credits. *See* General Counsel Memorandum 32254, 1962 WL 13892 (April 13, 1962); Rev. Rul. 62–174, 1962–2 C.B. 341, 1962 WL 13441; Rev. Rul. 63–205, 1963–2 C.B. 622, 1963 WL 13290. However, General Counsel Memoranda may not be used or cited as precedent. 26 U.S.C. § 6110(b)(1). Furthermore, the administrative rulings of 1962 and 1963 predate the enactment of the current § 34 income tax credit in 1964 and of § 6427 in 1970. Hence, they are of little or no value in interpreting the IRS's interpretation of the statutes.