The WESTERN COMPANY
OF NORTH AMERICA,
Plaintiff–Appellant.

v.

UNITED STATES, Defendant–Appellee.

No. 02–5128.

United States Court of Appeals,
Federal Circuit.

March 24, 2003.

Daniel L. Penner, of Ft. Worth, Texas, argued for plaintiff-appellant.

Charles Bricken, Attorney, Tax Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Eileen J. O'Connor, Assistant Attorney General; and Richard Farber, Attorney.

Before MICHEL, RADER, and PROST, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Federal Claims held that the "one-claim rule" in 26 U.S.C. §§ 6427 and 34 barred Western Company of North America's (Western) first claim for tax credits. The trial court also dismissed Western's second claim for refund of a wrongfully imposed tax penalty because Western failed to file a formal administrative claim. *Western Co. of N. Am. v. United States*, 52 Fed. Cl. 51 (2002). Because the "one-claim rule" of § 6427(i) applies to tax credits under § 34, but does not preclude the timely filing of amendments to perfect an otherwise proper and timely claim, this court reverses the judgment of the Court of Federal Claims with respect to Western's first claim. This court also finds that the Court of Federal Claims has jurisdiction to hear Western's second claim seeking recovery of the erroneous penalty imposed by the Internal Revenue Service (IRS). Accordingly, the case is remanded.

## I.

Section 4091 of the Internal Revenue Code, 26 U.S.C. § 4091 (2000), requires producers and importers of diesel fuel to pay a tax on any sale of that fuel. Producers pass these taxes on to the consumer in the price of the fuel. Some uses of diesel fuel, such as for farming, are exempt from taxation. These tax exempt uses qualify the purchaser of diesel fuel to recover those fuel taxes in the form of a refund under 26 U.S.C. § 6427(*l*) or in the form of a tax credit under 26 U.S.C. § 34(a).

For the taxable years 1993 and 1994, Western claimed credits for diesel fuel taxes under §§ 6427 and 34—$45,637 for 1993 and $84,392 for 1994. Later, Western discovered additional diesel fuel purchases

that qualified under § 6427 as "nontaxable uses" and filed amendments to its original tax returns. These first amendments claimed an additional credit of $224,918 for 1993 and $189,817 for 1994. The IRS allowed these amendments and paid the refund. The Government now argues that it allowed these claims by mistake, but concedes the statute of limitations bars their recovery.

Later Western discovered still more tax exempt purchases and sought to amend its returns a second time. Thus, in September 1997, Western sought an additional $304,719 for tax year 1993 and an additional $377,018 for tax year 1994. In February 1999, the IRS denied these last two amended claims. The IRS based its denial of Western's claims on a purported violation of the "one-claim rule" in § 6427(i):

**(i) Time for Filing Claims; Period Covered.**

**(1) General Rule.**—Except as provided in paragraphs (2), (3), and (4), not more than one claim may be filed under subsection (a), (b), (c), (d), (g), (h), (*l*), or (q) by any person with respect to fuel used ... during his taxable year, and no claim shall be allowed under this paragraph with respect to fuel used ... during any taxable year unless filed by the purchaser not later than the time prescribed by law for filing a claim for credit or refund of overpayment of income tax for such taxable year.

26 U.S.C. § 6427(i)(1) (1988 & Supp. IV 1992).[1]

In its second amended tax return for 1993, Western also reported a change in taxable income on its Form 1120X in the amount of $310,938. During the processing of this amended return, the IRS miscoded this amount as a failure-to-file re-

**1.** The sections of the Internal Revenue Code cited herein are cited as written and in effect

during the relevant time period and may not contain recent amendments and changes.

turn (FTF) penalty under 26 U.S.C. § 6651(f). Consequently, on January 14, 1998, Western received a final notice of intent to levy on its assets to recover unpaid taxes. This notice did not explain the basis for the levy. Moreover, Western had not received any prior notice of assessment for the alleged unpaid tax. Shortly thereafter, Mark Cox contacted the IRS for Western and requested an explanation of the basis for the levy amount. The IRS told Mr. Cox that the amount was a fraud penalty. The IRS record of this inquiry further noted that Western "requests more info on fraud penalty 240—310,-938.00." The IRS promised to send the requested explanation of the mistaken fraud allegation.

Thereafter, the IRS sent Western a 197–page record of accounts, which included two pages containing four numbers that, when added together, totaled the amount sought by the IRS as a fraud penalty. That total amount, including interest accrued, was $408,173.82. Meanwhile, the IRS owed Western $400,721.02 as a highway use tax refund. In a letter dated April 13, 1998, the IRS notified Western that it would withhold that refund to offset Western's alleged tax liabilities. That letter did not refer to the fraud penalty, but only to the amount of offset. In September 1998, Mr. Cox and other Western representatives met with the IRS's William Cappleman to discuss the disallowed claims for diesel fuel taxes. According to Mr. Cox's affidavit, he informed Mr. Cappleman about the alleged fraud penalty, and Mr. Cappleman stated he would look into the matter. Mr. Cappleman, on the other hand, has no recollection of any discussion of a fraud penalty in that meeting.

Mr. Cox continued to request information from the IRS about the fraud penalty and the IRS's withholding of Western's tax refund as an offset. Finally, the IRS responded that Western would receive a copy of the original notice of assessment by April 30, 2001. Western still has not received that notice or any other documented information to this date. Western first learned that the alleged penalty was an FTF penalty resulting from the mistaken coding of Western's amended 1993 tax return at a status conference in this case in the trial court. The IRS, as a result of its own research, acknowledged it had made an error and that the FTF penalty was erroneous. However, the IRS refused to refund the $400,721.02 withheld to offset the erroneous penalty because the limitations period for Western to file a formal administrative claim for a refund had already expired.

Western brought this action to recover the diesel fuel tax credits it claimed in its second amended tax returns for the tax years 1993 and 1994, totaling $304,719 and $377,018. Western also seeks refund of the $400,721.02 withheld in satisfaction of the admittedly erroneous FTF penalty. The Government filed a motion to dismiss Western's first claim under Ct. Fed. Cl. R. 12(b)(4), because the one-claim rule found in § 6427(i) barred Western's claims for diesel fuel tax credits. The Government also sought to dismiss Western's second claim for recovery of the erroneous FTF penalty under Ct. Fed. Cl. R. 12(b)(1) as barred by the substantial variance doctrine of 26 U.S.C. § 7422(a).

The Court of Federal Claims, departing from its previous holding in *Schlumberger Technology Corp. & Subsidiaries v. United States*, 47 Fed. Cl. 298, 303 (2000), held that the one-claim rule in § 6427(i) applies to claims for credit filed under § 34(a). Accordingly, the court below granted the Government's motion to dismiss those claims. The court below also found that § 7422(a), which requires the filing of an

administrative claim with the IRS before a party may seek to recover wrongful penalties in court, was a jurisdictional bar to recovery of the FTF penalty in this action. Western timely appealed both decisions. This court has exclusive jurisdiction over appeals from final decisions of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3).

## II.

This court reviews "de novo whether the Court of Federal Claims possessed jurisdiction and whether the Court of Federal Claims properly dismissed for failure to state a claim upon which relief can be granted, as both are questions of law." *First Hartford Corp. Pension Plan & Trust v. United States,* 194 F.3d 1279, 1286–87 (Fed.Cir.1999) (quoting *Wheeler v. United States,* 11 F.3d 156, 158 (Fed.Cir. 1993)). In reviewing judgments of the Court of Federal Claims, this court reviews conclusions of law, such as statutory interpretation, without deference. *Mass. Bay Transp. Auth. v. United States,* 254 F.3d 1367, 1372 (Fed.Cir.2001); *Kane v. United States,* 43 F.3d 1446, 1448 (Fed.Cir. 1994).

### *"One Claim" Rule*

"[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980).

In *Schlumberger,* the Court of Federal Claims held that the one-claim limitation found in § 6427(i) did not apply to claims for tax credits under § 34(a), because the substantive grant of authority to issue tax credits for the overpayment of diesel fuel taxes is not found in § 6427, but rather in

§ 34. *Schlumberger,* 47 Fed. Cl. at 298. The plaintiff-taxpayer in that case alternatively argued that, even if the one-claim rule applied, it would not bar an amendment to a timely filed claim. However, "because the court agree[d] with [the] plaintiff's primary contention—that the so-called 'one-claim' rule contained in I.R.C. § 6427(i)(1) does not act as a bar to a claim for credit under I.R.C. § 34," it did not decide the alternative argument raised at that time.

In this case, the Court of Federal Claims came to the opposite conclusion. In essence, the court found that the substantive grant of authority to issue tax credits for overpaid diesel fuel taxes is found in § 6427(*l*), which, as in effect in 1994, states:

(*l*) **Nontaxable Uses of Diesel Fuel and Aviation Fuel Taxed Under Section 4091.—**

(1) **In general.**—Except as provided in subsection (k) and in paragraphs (3) and (4) of this subsection, if any fuel on which tax has been imposed by section 4091 is used by any person in a nontaxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4091.

26 U.S.C. § 6427(*l*)(1) (1988 & Supp. V 1993). That section refers to § 6427(k):

(k) **Income Tax Credit in Lieu of Payment.—**

(1) **Persons not subject to income tax.**—Payment shall be made under this section only to—

(A) the United States or an agency or instrumentality thereof, a State, a political subdivision of a State, or any agency or instrumentality of one or more States or political subdivisions, or

(B) an organization exempt from tax under section 501(a) (other than an organization required to make a return of the tax imposed under subtitle A for its taxable year).

(2) **Exception.**—Paragraph (1) shall not apply to a payment of a claim filed under paragraph (2), (3), or (4) of subsection (i).

(3) **Allowance of credit against income tax.**—For allowances of credit against the income tax imposed by subtitle A for fuel used or resold by the purchaser, see section 34.

26 U.S.C. § 6427(k)(3) (1988). Finally, § 34, referred to in § 6427(k) above, provides:

(a) **General Rule.**—There shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the sum of the amounts payable to the taxpayer—

. . . .

(3) under section 6427—

(A) with respect to fuels used for nontaxable purposes . . .

. . . .

during the taxable year (determined without regard to section 6427(k)).

(b) **Exception.**—Credit shall not be allowed under subsection (a) for any amount payable under section 6421 or 6427, if a claim for such amount is timely filed and, under section 6421(j) or 6427(k), is payable under such section.

26 U.S.C. § 34 (1988).

▮ Based on the language of these statutes, the Court of Federal Claims in this case correctly concluded that the one-claim limitation in § 6427(i) applies to credits under § 34. Subsection (i) clearly applies to § 6427($l$), which refers to § 6427(k), which refers to § 34 dealing with credits. Section 34, in turn, incorporates § 6427 to determine the amount "payable to the taxpayer" under that section. Section 34 expressly excludes subsection (k) of § 6427 from that analysis. Significantly, subsection (k) is the only portion of § 6427 excluded by § 34. Thus, § 34 incorporates § 6427(i) with its "one claim" limitation. Section 34 could have excluded § 6427(i) as it does § 6427(k) if it meant to exclude the one claim rule from tax refunds under § 34. As noted, § 34 does not exclude the one claim rule, but incorporates it into application of its tax credit rules. Thus, to restate, § 34 states that the credit must equal an amount "payable to the taxpayer" under § 6427, including all relevant provisions except subsection (k). When the "one claim rule" of § 6427(i) operates, then the amount payable under § 6427 is zero. Consequently, any credit sought under § 34(a) in such a case would also be zero.

With respect to incorporation of the one-claim limitation into § 34, the trial court's analysis is persuasive and well-reasoned. Therefore, this court affirms the holding of the Court of Federal Claims that the one-claim rule in § 6427(i) applies to credits claimed under § 34(a). *See generally Western,* 52 Fed. Cl. at 57–62.

However, that holding does not dispose of Western's claim for a credit in this case. The Court of Federal Claims' opinion obviously assumed that Western's amended tax returns are barred as "new claims," because its opinion contains no further analysis or finding regarding the operation of the one-claim rule. This court finds that assumption to be in error. The trial court correctly stated that the legislative history in this area is "unhelpful and inconclusive in discerning whether Congress intended to apply the one-claim rule to tax credits under [§ 34]." *Id.* at 62 n. 16. Likewise, the trial court regarded a General Counsel memorandum and revenue rulings as providing "little or no value" in

determining whether the one-claim rule applied to credits under § 34. *Id.* at 62 n. 17. While this may be true, the legislative history, General Counsel memorandum, and revenue rulings provide insight on the purpose of the one-claim rule and, specifically, whether timely amendments to annual claims are barred as "new claims."

■ Western argues that the one claim limitation in § 6427(i) does not bar timely amendments to a properly filed annual claim. Nothing in the statutory language or history suggests that § 6427(i) changes the standard procedure allowing a taxpayer to amend a properly filed claim. In other words, § 6427(i) does not expressly limit the taxpayer to the filing of a single non-amendable claim each year. To the contrary, a reasonable analysis of the history of the one-claim rule reveals its purpose as preventing a party from filing multiple claims for refunds of relatively small amounts, thus multiplying the administrative burdens of supplying credits. Stated differently, the purpose of the one-claim limitation is to require a claim for refund to encompass all transactions for an entire year, rather than piece-meal claims for short time periods and small amounts. The one-claim rule found in § 6427(i) first appeared in 1956 in § 6420, dealing with gasoline used on farms, and § 6421, dealing with gasoline used for non-highway or local transit systems. *See* Act of April 2, 1956, Pub.L. No. 466, c. 160, § 1, 70 Stat. 87; Highway Revenue Act of 1956, Pub.L. No. 627, c. 462, § 208, 70 Stat. 374, 387, 394. In 1958, the Revenue Code introduced quarterly claims as an exception to the one-claim rule for refunds due under § 6421. *See* Pub.L. No. 85–859, s 164, 72 Stat. 1275 (1958). The Senate Report addressing this exception states:

Where the tax ultimately does not have to be paid because of the use for non-highway purposes (or in local transit

systems) it seems unfair to permit a credit or refund only on an annual basis. Although this may be justified on administrative grounds where the amount of the claim is relatively small, it is believed that this is not the case where the amount involved in a quarter is $1,000 or more.

S.Rep. No.2090 (85th Cong.), *reprinted in* 1958 U.S.C.C.A.N. at 4471 (1958–3 C.B. 584). Thus, quarterly claims of $1,000 or more justified the administrative cost of processing those claims. Nothing in the language or history of that section prevents amendments to those quarterly claims. The Code indicates that the amount of refund due after one quarter, rather than one year, justifies the processing expense of the claim. In other words, the claim need only cover three months of eligible fuel purchases.

In a 1962 General Counsel memorandum, the IRS chief counsel expressly stated the prevailing opinion regarding the operation of the one-claim rule found in § 6420, which deals with gasoline used on farms:

Section 6420(b) provides that "not more than one claim may be filed" for the one-year period ending June 30. The most obvious result of such provision, and probably the prime reason for it, is the predisposition of what might have become quite an administrative problem. Absent the prohibition against filing more than one claim, a farmer would legally have a valid refund claim for overpayment of excise taxes each time he makes a purchase within the meaning of section 6420. This would mean that the farmer would be able to flood the District Director with many refund claims involving relatively small amounts. Congress eliminated such possibility by requiring a lump sum refund at the end of the year.

It is not believed that the prohibition against filing more than one refund claim necessarily precludes the filing of an amended claim, if the original refund claim was timely filed. This is because an amended claim, if timely filed, merely perfects the original claim and thus falls without the reason for the prohibition against filing more than one claim per year.

I.R.S. Gen. Couns. Mem. 32,254 (April 13, 1962). This position was affirmed to the public in Revenue Ruling 62–174, 1962–2 C.B. 341 and Revenue Ruling 63–205, 1963–2 C.B. 622.

■ These general counsel memoranda and revenue rulings merely represent the position of the United States and do not bind this court. *Vons Companies, Inc. v. United States*, 51 Fed. Cl. 1, 8, 11, 12 (2001). Nonetheless, "such memoranda may be relevant in a refund suit as indicating the IRS interpretation of its own regulations and procedures." *Id.* Revenue rulings may also provide "some guidance as to the correct interpretation of the Internal Revenue Code." *See Int'l Bus. Mach. Corp. v. United States*, 38 Fed. Cl. 661, 675 (1997); *Ridenour v. United States*, 3 Cl.Ct. 128, 137 (1983). In other words, this court may refer to general counsel memoranda and revenue rulings for guidance and accept that reasoning in whole or in part to assist its understanding of the language of the revenue code. With that guidance in mind, this court finds that the position set forth in General Counsel Memorandum 32,254 reflects well the purpose and operation of the one-claim limitation. Although a claim must encompass all transactions for the full year, the taxpayer may amend that claim during the period allotted for such amendments.

■ Finally, and most importantly, absent express statutory language or legisla-

tive history to the contrary, this court will interpret the Internal Revenue Code to operate fairly and reasonably. A 1964 Private Letter Ruling relating to refunds for gasoline tax under § 6421 indicates the IRS also seeks fairness and equity in the application of the tax code:

A conception of fairness, directly pertinent to this problem, calls for treating all cases that are still open for corrective assessments while undergoing audits as likewise open for supplemental allowances as a result of such audit.

Priv. Ltr. Rul. 6407248550A (July 24, 1964). In other words, if the IRS may reassess and change a portion of a taxpayer's tax return form, the taxpayer may likewise amend that return form.

■ The Government agrees that the code permits amendment of a claim for diesel fuel credits without violating the one-claim rule if that claim is still "pending." However, according to the Government, the revenue rulings cited above also state that a claim is no longer "pending" after payment or disallowance. *See* Revenue Ruling 62–174, 1962–2 C.B. 341; Revenue Ruling 63–205, 1963–2 C.B. 622. After payment or disallowance, according to the Government, any purported amendment is a new claim barred by the one claim rule. Neither the statutory language nor its legislative history supports this self-serving application of the one-claim rule. This proposed one-way operation of the one-claim rule would cut off taxpayer amendments after payment or disallowance, but permit the IRS to audit and adjust that claim to increase a taxpayer's liability. To the contrary, nothing in the law exempts the single line devoted to diesel fuel tax credits on Form 1120, the corporate tax return form, from the general rule permitting timely amendments found in 26 CFR

§ 301.6402–3.[2] Like the rest of the lines on the Form 1120X, the fuel tax credits line is subject to timely amendment. Accordingly, this court finds that, although the one-claim rule in § 6427(i) applies to credits under § 34(a), a taxpayer may timely amend its yearly claim without violating the one-claim rule.

■ This court recognizes that no statutory provision expressly authorizes the filing of amended tax returns, and that the treatment of such amendments is within the discretion of the Commissioner. *See Hillsboro Nat'l. Bank v. Comm'r*, 460 U.S. 370, 380, n. 10, 103 S.Ct. 1134, 75 L.Ed.2d 130 (1983) (citing *Koch v. Alexander*, 561 F.2d 1115, 1117 (4th Cir.1977)). However, according to IRS regulations, the IRS recognizes and accepts amendments to Form 1120 when filed within the statutory time period found in 26 U.S.C. § 6511.[3] *See* 26 C.F.R. § 301.6402–3(a)(3) (2003). The Commissioner's discretion regarding amended returns does not grant it the authority to interpret the statutory one-claim rule in § 6427(i) to operate as it wishes. Accordingly, Western's amended returns should be treated like any other amended return. This court does not reach the question of whether the IRS has any other basis for rejecting Western's amended claims other than § 6427(i) in this opinion.

■ Because the court below did not make specific findings regarding the timeliness and propriety of Western's second amended tax returns, other than in the context of the one-claim rule, this court remands to permit the trial court to determine whether Western's second amended claims for the years 1993 and 1994 were otherwise proper. The trial court shall recognize that the one-claim rule only operates to prevent a taxpayer from claiming refund or credit of diesel fuel taxes paid in a time period less than the entire tax year, but does not bar a timely and otherwise proper amendment to an annual claim, even if that initial claim has been paid or disallowed by the IRS.

### FTF Penalty

■ The IRS acknowledges its erroneous assessment of a penalty against Western. Nonetheless the IRS withheld $400,721.02 from Western in satisfaction of that illegal penalty. The Government defends this action as a proper application of the rule requiring a timely administrative claim under § 7422(a):

**SEC. 7422. CIVIL ACTIONS FOR REFUND.**

**(A) No Suit Prior to Filing Claim for Refund.**—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax al-

---

**2.** 26 C.F.R. § 301.6402–3 (2003).

(a) In the case of a claim for credit or refund . . .

(1) In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return.

\* \* \* \*

(3) In the case of an overpayment of income taxes for a taxable year of a corporation for which a Form 1120 has been filed, a claim for refund shall be made on Form 1120X ("Amended U.S. Corporation Income Tax Return").

**3.** 26 U.S.C. § 6511 (2003). Limitations on credit or refund.

(a) Period of limitation on filing claim. Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

leged to have been erroneously or illegally assessed or collected, or of any penalty claims to have been collected wrongly without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary· established in pursuance thereof.

26 U.S.C. § 7422(a) (1994).

■ Based on this jurisdictional prerequisite for a refund claim, this court derived the "substantial variance" doctrine. Under that doctrine, a taxpayer may not substantially vary either the factual or the legal basis of any claim for refund in court from those presented in its administrative claim before the IRS. *See Lockheed Martin Corp. v. United States,* 210 F.3d 1366, 1371 (Fed.Cir.2000). The Court of Federal Claims applied this doctrine to its factual finding that Western did not file a formal claim for refund of the FTF penalty. Based on that analysis, the trial court granted the United States' motion to dismiss for lack of jurisdiction.

In this case, however, if Western may be faulted for not satisfying the technical requirement of a formal administrative claim, that failure arose because the IRS withheld information about the very source and substance of the claim. Western, however, did file a formal claim for refund of its fuel tax credits that was inextricably tied to the IRS's mistaken FTF penalty. Therefore, in the unique circumstances of this case, Western satisfied the prior administrative claim requirement on the false FTF claim by timely filing its fuel tax credit claim. Moreover, this holding fully satisfies the policies behind § 7422(a).

■ The purpose of the substantial variance rule is to "prevent surprise and to give adequate notice to the [IRS] of the nature of the claim." *Union Pacific R.R. Co. v. United States,* 182 Ct.Cl. 103, 389 F.2d 437, 442 (1968), *cert. denied,* 395 U.S. 944, 89 S.Ct. 2017, 23 L.Ed.2d 462 (1969). Technically imperfect claims may be remedied or accepted as sufficient in some circumstances as long as the IRS received adequate notice of the basis for the claim. *Id.*

The trial court stated that the substantial variance doctrine requires an administrative claim that must "(a) put the IRS on notice that the Plaintiff is asserting a right to a refund for a specified tax year, (b) contain sufficient information for the IRS to examine the merits of the refund claim, and (c) . . . contain a written component." *Western,* 52 Fed. Cl. at 55 (citing *Am. Radiator & Standard Sanitary Corp. v. United States,* 162 Ct.Cl. 106, 318 F.2d 915, 920 (1963)). The trial court found that Western did not have a written claim. *Id.* at 56. "Oral statements, without further corroboration, are insufficient to establish an informal claim for refund." *Id.* Consequently, the trial court discounted Western's requests for information about the FTF penalty as insufficient to constitute a formal claim because Western did not make its requests in writing.

To the contrary, in this case, where the IRS made an internal error in the processing of a proper claim that caused assessment of an erroneous penalty against a taxpayer, "[a]ll that is required of [the taxpayer], as a predicate for suit in this court is that they put the Commissioner of Internal Revenue on notice" of the error. *Nat'l Forge & Ordnance Co. v. United States,* 139 Ct.Cl. 204, 151 F.Supp. 937 (1957). Western, under these circumstances, satisfied the jurisdictional prerequisite. Western made repeated requests for information that would have allowed filing of an informed claim. Without information about the basis for the alleged

penalty, which the IRS withheld, Western could not determine whether it in fact had a right to challenge the penalty and claim a refund of the same. Nonetheless, Western put the IRS on notice of its challenges to this false assessment. Indeed, this notice is in writing. The IRS documented Western's initial request by phone in writing. In addition, the paper trail that led to the discovery of the processing error that created the penalty was entirely within the control of the IRS. In fact, Western's notice to the IRS eventually enabled the IRS to discover its own error. Until it was revealed in a status conference associated with this case for fuel tax credits, Western had no knowledge of the error. Thus, under these circumstances, Western supplied adequate notice in the form of requests for information about the mistaken FTF penalty and in the form of a formal administrative claim for fuel tax credits that gave rise to the false FTF penalty. Any insufficiencies in that notice were the products of the IRS's withholding or failure to discover relevant information. Accordingly, this court reverses the judgment of the Court of Federal Claims granting the Government's motion to dismiss for lack of jurisdiction.

## CONCLUSION

In summary, this court affirms the holding of the Court of Federal Claims that the one-claim rule found in § 6427(i) applies to claims for credit filed under § 34(a). However, because this court finds that the one-claim rule does not bar timely amendments to an annual claim, the decision of the Court of Federal Claims granting the Government's motion to dismiss for failure to state a claim is reversed. Finally, the decision of the Court of Federal Claims granting the Government's motion to dismiss for lack of jurisdiction is reversed. This court remands for further proceedings consistent with this opinion.

COSTS

Each party shall bear its own costs.

AFFIRMED–IN–PART, REVERSED–IN–PART, AND REMANDED.