**Harriet A. and Ronald B. DUDA, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 06–617T.**

United States Court of Federal Claims.

Oct. 31, 2007.

---

Harriet Duda and Ronald Duda, Cheyenne, WY, pro se.

George L. Squires, United States Department of Justice, Tax Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

## I. BACKGROUND AT THE INTERNAL REVENUE SERVICE AND UNITED STATES TAX COURT.[1]

On July 15, 2000, Mrs. Harriet A. Duda and Mr. Ronald B. Duda ("Plaintiffs") requested that the Internal Revenue Service ("IRS") reconsider audits for tax years 1994, 1995, and 1996. *See* PX, pt. 3 at 4. Plaintiffs also filed a Form 656 Offer in Compromise, contending that no additional taxes were due. *Id.* at 5. On November 16, 2001, the IRS forwarded two audit reports to inform Plaintiffs that: Mr. Duda owed $26,380.80 in back taxes and penalties for tax years 1994, 1995, and 1996; and Mrs. Duda owed $54,328.80 in back taxes and penalties for tax years 1994, 1995, and 1996. *Id.,* pt. 2 at 1–2; *see also* Pl. Stat. at 23–24. On March 27, 2002, August 25, 2002, and December 12, 2003, Plaintiffs filed Form 843 Requests for Abatements, contesting the assessment of penalties and interest. *See* PX, pt. 3 at 11, 17, 22, 31, 38, 43, and 52. The record contains no information about what happened during the next two years.

On March 15, 2004, the IRS issued a levy on Plaintiffs' credit union and pension account and withheld a 2004 tax refund. *See* Pl. Stat. at 10; DX, pt. 2. By June 6, 2005, the IRS collected $25,749. *See* Pl. Stat. at 10; DX, pt. 2. Thereafter, Plaintiffs requested a due process hearing to determine whether the collection actions were valid. *See* DX, pt. 3 at 6. On October 20, 2005, the IRS Appeals Office found that the collection actions were valid. *See* DX, pt. 3 at 3–4. On November 14, 2005, Plaintiffs appealed that ruling and filed a case in the United States Tax Court for the cancellation of all addition-

---

1. Facts recited herein are derived from: Plaintiffs' September 5, 2006 Complaint ("Compl."); a thirteen-part exhibit attached thereto ("PX" [numbering begins at 2, for consistency with the Plaintiffs' numbering system]); the Government's January 5, 2007 Motion for a More Defi- nite Statement ("Gov't Mot. Def."); Plaintiffs' May 21, 2007 More Definite Statement ("Pl. Stat."); the Government's June 4, 2007 Motion to Dismiss ("Gov't Mot. Dis."), and three-part exhibit attached thereto ("DX").

al taxes, interest, and penalties due on their 1994, 1995 and 1996 tax returns. *Id.*, pt. 3 at 1–2.

On June 1, 2007, the Government filed a Motion to Dismiss for Lack of Jurisdiction. *See Duda v. Comm'r*, No. 21295–05S at *1 (U.S. Tax Ct. June 7, 2007). On June 7, 2007, the United States Tax Court dismissed that case:

> ORDERED that this case is dismissed for lack of jurisdiction as to the taxable years 1994 and 1995 on the ground that no Notice of Determination as authorized by I.R.C. section 6320 and required by I.R.C. section 6330(d) has been sent to petitioners to form a basis for a petition to this Court. It is further

> ORDERED that this case is dismissed for lack of jurisdiction as to the taxable year 1996 on the ground that the Federal tax lien for 1996 was released and the liability has been paid in full.

*Duda*, No. 21295–05S at *1.

## II. PROCEDURAL HISTORY IN THE UNITED STATES COURT OF FEDERAL CLAIMS.

On September 5, 2006, while Plaintiffs' above referenced appeal was pending in the United States Tax Court, Plaintiffs also filed a Complaint in the United States Court of Federal Claims alleging thirteen claims against the IRS, including that the IRS: lost some of Plaintiffs' files; did not answer correspondence from Plaintiffs; and was "working with two different data bases [sic] on the same issue," resulting in lost data and blank audit entries. *See* Compl. ¶¶ 1–3, 5. The Complaint also alleged that the IRS "*GREATLY* over stated [sic] Capital Gains by $45,393.00;" used incorrect Adjusted Gross Income ("AGI") calculations; failed to consider non-federal taxes and tax preparation costs; and ignored State of New York expenses, promotional items, and cell phone charges. *Id.* ¶¶ 4, 6–13. The Complaint requested a refund of the $25,749 for "over charge[s] in taxes, interest and penalties." *Id.* ¶ 14.

On January 5, 2007, the Government filed a Motion For A More Definite Statement, requesting that Plaintiffs directly state the subject matter and jurisdictional basis of their claims, pursuant to RCFC 12(e). *See* Gov't Mot. Def. at 1–3, 6–9. In addition, the Government requested clarification as to whether Plaintiffs were claiming a tax refund. *Id.* at 5. On January 10, 2007, the court granted the Government's motion. *See* Order Granting Government's Motion For More Definite Statement, *Duda v. United States*, No. 06–617 (Fed.Cl. Jan. 10, 2007). On May 21, 2007, Plaintiffs confirmed that they were claiming a tax refund and provided a detailed list of $25,749 in assets that the IRS either levied or withheld from March 15, 2004 until June 6, 2005. *See* Pl. Stat. at 10, 13. Plaintiffs asserted that the September 5, 2006 Complaint, together with an April 14, 2007 Form 1040X, established the court's jurisdiction to adjudicate the claims asserted. *See* Pl. Stat. at 6–7, 13–14. In addition, Plaintiffs asserted that subject matter jurisdiction was conveyed based on IRS Publication 556, that provides:

> [If] you are filing a claim for credit or refund based only on contested income tax or on estate tax or gift tax issues considered in previously examined returns and you do not want to appeal within the IRS, you should request in writing that a claim be immediately rejected. A notice of claim disallowance will then be promptly sent to you. You have 2 years from the date of mailing of the notice of disallowance to file a refund suit in the United States District Court or in the United States Court of Federal Claims.

*Id.* at 6, 9 (citing IRS Pub. 556 (Rev. Aug. 2005)).

On June 4, 2007, the Government filed a Motion to Dismiss, because the Form 1040X claim for refund was not submitted to the IRS until after Plaintiffs filed the September 5, 2006 Complaint. *See* Gov't Mot. Dis. at 3 (citing 26 U.S.C. § 6511(a) (requiring that a claim for a tax refund be filed "within 3 years from the time the return was filed or two years from the time the tax was paid[.]")). In the alternative, the Government argued that if Plaintiffs were asserting a claim for a

wrongful levy,[2] Plaintiffs first needed to file claims with the IRS, a jurisdictional prerequisite to being able to pursue a claim in the United States Court of Federal Claims. *See* Gov't Mot. Dis. at 4–6 (citing *Fry v. United States,* 72 Fed.Cl. 500, 510 (2006) (reciting the three jurisdictional requirements of the Tucker Act, 28 U.S.C. § 1491(a)(1), *i.e.,* payment of the contested tax, first filing with the IRS, and pleading facts sufficient to establish that the refund claim was timely filed)).

On June 13, 2007, Plaintiffs filed additional evidence of IRS collection actions. On June 18, 2007, the court convened a telephone status conference, at which time Plaintiffs informed the court that they intended to provide the Government with additional documentation of their refund claim. On July 31, 2007, the court convened a telephone status conference, at which time the Government informed the court that no further documentation was received and renewed the June 4, 2007 Motion to Dismiss. On July 31, 2007, the court received a letter from Plaintiffs listing additional correspondence and forms sent from Plaintiffs to the IRS since 1997.

## III. DISCUSSION.

### A. Governing Precedent Regarding Jurisdiction.

 The United States Court of Federal Claims has jurisdiction over "any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." *See* 28 U.S.C. § 1346(a)(1). A tax refund suit, however, may not be maintained in the United States Court of Federal Claims unless a taxpayer fully paid the assessed income tax and timely filed a refund claim with the IRS. *See* 26 U.S.C. § 6532(a) ("No suit or proceeding ... for the recovery of any internal revenue tax, penalty, or other sum, shall

be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."); *see also* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."); *Shore v. United States,* 9 F.3d 1524, 1526 (Fed.Cir.1993) (holding that tax refund claims must be dismissed where the "principal tax deficiency has not been paid in full"). In addition, a federal tax refund claim must be filed with the IRS within three years of filing the tax return or within two years of paying the taxes, "whichever of such periods expires the later." *See* 26 U.S.C. § 6511(a). Once a claim is filed, the taxpayer must wait six months, or until the IRS renders a decision on the claim, before a suit can be filed in the United States Court of Federal Claims. *Id.* § 6532(a). The governing IRS regulations provide:

(a) In the case of a claim for credit or refund filed after June 30, 1976—

(1) In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return.

(2) In the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for re-

---

2. *See Gordon v. United States,* 227 Ct.Cl. 328, 649 F.2d 837, 839 (1981) (holding that a statute granting United States District Court jurisdiction over illegal levies for third-party tax liabilities did

not deprive the United States Court of Federal Claims of jurisdiction of such cases, as indicated in the statute's legislative history).

fund shall be made on Form 1040X ("Amended U.S. Individual Income Tax Return").

\* \* \*

(5) A properly executed individual, fiduciary, or corporation original income tax return or an amended return (on 1040X or 1120X if applicable) shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of overpayment disclosed by such return (or amended return).

26 C.F.R. § 301.6402–3(a)(1), (2), (5).

**B.** *Pro Se* **Plaintiff Pleading Requirements.**

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less rigid standard than litigants represented by counsel. *See Castro v. United States*, 540 U.S. 375, 386, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring) ("[T]he allegations of a pro se litigant's complaint are to be held 'to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972))). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Manuel v. United States*, 78 Fed.Cl. 31, 34 (2007) (quoting *Ruderer v. United States*, 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969)). Nevertheless, "'[t]his latitude ... does not relieve a *pro se* plaintiff from meeting jurisdictional requirements.'" *Skillo v. United States*, 68 Fed.Cl. 734, 739 (2005) (quoting *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.2004)); *see also Wozniak v. United States*, 219 Ct.Cl. 580, 618 F.2d 119 (1979) (holding that even in a *pro se* tax suit a timely claim for refund must be filed to invoke the court's jurisdiction).

**C. Standard For Decision On A RCFC 12(b)(1) Motion To Dismiss.**

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]").

When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir. 1995). Nonetheless, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

**D. The Court's Resolution Of The Government's June 13, 2006 Motion To Dismiss.**

**1. The Informal Claim Doctrine.**

The Government asserts that the court does not have jurisdiction over this case, because Plaintiffs did not file a Form 1040X with the IRS until April 14, 2007, after the Complaint in this case was filed. *See* Gov't Mot. Dis. at 3. The United States Court of Appeals for the Federal Circuit, however, has allowed a taxpayer that has not met the jurisdictional filing requirements to obtain a refund, if the taxpayer can establish the substantive equivalent. *See Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed.Cir.2006) ("formal compliance with the statute and regulations is excused when the informal claim doctrine is applicable"); *see also Furst v. United States*, 230 Ct.Cl. 375, 678 F.2d 147, 151 (1982) ("It has long been recognized ... that a formal claim for refund is not needed; all that is required is a timely informal claim."). A trial court may invoke the informal claim doctrine, but only where "a [timely] notice fairly advising the Commis-

sioner of the nature of the taxpayer's claim [has been made so that the claim can be treated as effective and] where formal defects . . . have been remedied by amendment filed after the lapse of the statutory period." *United States v. Kales,* 314 U.S. 186, 194, 62 S.Ct. 214, 86 L.Ed. 132 (1941).

As a matter of law, a notice is timely if it: provides actual or constructive notice to the Commissioner that the taxpayer is seeking a refund; describes the factual and legal basis for the claim; and has a written component. *See Mobil Corp. v. United States,* 67 Fed.Cl. 708, 716 (2005); *see also New Eng. Elec. Sys. v. United States,* 32 Fed.Cl. 636, 641 (1995) ("There are three components to an informal claim. First, an informal claim must provide the Commissioner of the IRS with notice that the taxpayer is asserting a right to a refund. Second, the claim must describe the legal and factual basis for the refund. Finally, an informal claim must have some written component."); *Arch Eng'g Co. v. United States,* 783 F.2d 190, 192 (Fed.Cir. 1986) (holding that "an informal claim must have a written component").

## 2. Plaintiffs Provided Notice.

The United States Court of Federal Claims has held that it is not necessary that the IRS have "actual notice that the taxpayer is claiming a right to a refund of tax; constructive notice is sufficient." *Mobil Corp.,* 67 Fed.Cl. at 716. In this case, correspondence between Plaintiffs and the IRS evidenced an ongoing tax dispute. For example, on September 4, 2000, Plaintiffs contested liability for any additional taxes that had been assessed in a Form 656 Offer in Compromise. *See* PX, pt. 3 at 5. In addition, on March 27, 2002, August 25, 2002, and December 12, 2003, Plaintiffs filed other Form 843s, contesting the assessment owed (which by that time was $21,269). *See* PX, pt. 3 at 11, 17, 22, 31, 38, 43, and 52.

In addition, after the IRS began to collect taxes, penalties, and interest, Plaintiffs responded to an April 10, 2004 IRS Automated Collection Support System Form by forwarding an April 12, 2004 letter that included the following written questions:

- What records of ours do you have on file (suspect much of our file is lost)?

- would like to set a time and go through returns line item by line item to see where you are getting your figure
- Also have an action pending for abatement of tax and late payments

PX, pt. 3 at 36, 57.

The fact that Plaintiffs' letters were submitted to the IRS prior to the collection of all taxes does not prohibit them from serving as constructive notice of a refund claim. *See New Eng. Elec. Sys.,* 32 Fed.Cl. at 642 (holding that so long as the taxpayer is asserting "a present right to a refund at some future time," the writing constitutes sufficient notice of a claim for a tax refund). Therefore, the court has determined that correspondence between Plaintiffs and the IRS in this case evidences that the IRS knew or should have known that Plaintiffs were claiming a tax refund.

## 3. Plaintiffs Did Not Adequately Describe The Basis Of Their Claim.

Plaintiffs also must describe the basis for a refund. *See Mobil Corp.,* 67 Fed.Cl. at 718; *see also New Eng. Elec. Sys.,* 32 Fed.Cl. at 644. Although the degree of specificity required depends on the nature of the claim, at the very least, the claim "must provide the degree of specificity necessary for the IRS to commence, at that point, an investigation into the claim within the statutory period." *Mobil Corp.,* 67 Fed.Cl. at 718. In the September 5, 2006 Complaint and May 21, 2007 More Definite Statement, Plaintiffs detail specific instances where the IRS miscalculated the amount of taxes that Plaintiffs owed. For instance, in the Form 1040X, Plaintiffs claim that the IRS auditor "failed to consider business loss of [$] 53,725 and used incorrect Capital Gains figures of [$] 82,567 instead of correct figure of [$]37,174 for Fidelity redemptions. These two errors increase AGI by [$]97,486." Pl. Stat. at 15. This provided the IRS with sufficient information to determine whether Plaintiffs' tax assessment was erroneous.

There is no evidence in the record, however, that Plaintiffs made a detailed claim to the IRS prior to filing the September 5, 2006 Complaint in the United States Court of Federal Claims. Although the record is replete with numerous written communications in which Plaintiffs mention that certain docu-

ments are attached for IRS consideration, no documentation even appears to have been provided. *See, e.g.,* PX, pt. 3 at 3, 4, 8, 9, 13, 45. Without this information, Plaintiffs cannot establish that they adequately described the basis of their refund claim. *See Mobil Corp.,* 67 Fed.Cl. at 718 (" 'a ground for refund neither specifically raised by, nor comprised within the general language of, a timely … application for refund to the Internal Revenue Service cannot be considered by a court in which suit for refund is subsequently initiated.' " (quoting *Deluxe Check Printers, Inc. v. United States,* 15 Cl.Ct. 175, 181 (1988))).

In *Western Co. of North America v. United States,* 323 F.3d 1024 (Fed.Cir.2003), the United States Court of Appeals for the Federal Circuit invoked the informal claim doctrine "where the IRS made an internal error … that caused assessment of an erroneous penalty against a taxpayer." *Id.* at 1034–35. In that case, the plaintiff solicited information from the IRS related to that penalty, but also made supplemental claims that met the formal statutory requirements. *Id.* This factor appears to have been crucial to the appellate court's finding that the plaintiff adequately described its refund claim. *Id.* In this case, Plaintiffs' solicitations to the IRS neither adequately described the basis of their claim nor documented its veracity. *See* PX, pt. 3 at 36, 57 ("What records of ours do you have on file (suspect much of our file is lost)? [W]ould like to set a time and go through returns line item by line item to see where you are getting your figure[.]"). Furthermore, there is no evidence of any internal IRS error that would be dispositive of Plaintiffs' claim and Plaintiffs did not file any related or supplemental formal claims. Accordingly, the court has determined that, in this case, Plaintiffs did not adequately describe the basis of their claim to the IRS.

## IV. CONCLUSION.

For these reasons, the Government's June 4, 2007 Motion to Dismiss is granted.

**IT IS SO ORDERED.**