NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD W. ANDREWS, JR.,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5113

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0856, Chief Judge Emily C. Hewitt.

---

Decided: January 10, 2014

---

DONALD W. ANDREWS, JR., of Petersburg, Virginia, pro se.

SHELLEY D. WEGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before LOURIE, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

Donald W. Andrews, Jr. ("Andrews") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of jurisdiction. *Andrews v. United States*, No. 12-856 C (Fed. Cl. May 9, 2013) ("Opinion"). Because the Claims Court did not err in dismissing Andrews' complaint, we *affirm*.

## BACKGROUND

Andrews enlisted in the United States Navy on or about January 4, 1996. As a result of his enlistment, Andrews was entitled to 36 months of education benefits, which he began using in August 2003. Opinion at 2. In 2004, the Department of Veterans Affairs ("VA") notified Andrews that he was incorrectly enrolled in graduate level courses for five months, rather than undergraduate, and required Andrews to repay the education benefits that he received while incorrectly enrolled in graduate level courses. *Id.* The VA also agreed that his benefits would be adjusted so that the five-month period would not count against his 36-month allotment of benefits. *Id.* at 2–3. In 2008, Andrews enrolled in law school. In 2010, the VA sent him a statement indicating that his benefits would be exhausted on April 17, 2011—an end date that failed to reflect that the five months would not count against his 36-month allotment. *Id.* at 3.

Andrews filed a Notice of Disagreement at the VA Saint Louis Regional Office. The regional office issued a Statement of the Case explaining that he failed to file his notice within the requisite one-year limitations period.

Andrews then filed suit in the Claims Court alleging that the government breached an express contract by depriving him of five months of education benefits. *Id.* at 3–4. The court identified Andrews' enlistment agreement

as the agreement that he appeared to allege as an express contract with the government for education benefits under the G.I. Bill, 38 U.S.C. § 3011 *et seq*. *Id*. at 4. The court dismissed Andrews' Complaint, holding that he failed to identify the requisite money-mandating source to establish Tucker Act jurisdiction. *Id*. at 5. According to the court, military enlistment agreements are not contracts enforceable under the Tucker Act. *Id*. In addition, the court determined that although Andrews characterized his claim as one for breach of contract, his complaint actually sought to challenge a decision of the VA concerning veterans' benefits, which did not fall within the court's jurisdiction. *Id*. at 5–6.

Andrews appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

Whether the Claims Court possesses jurisdiction over a claim is a question of law subject to *de novo* review. *Western Co. v. United States*, 323 F.3d 1024, 1029 (Fed. Cir. 2003).

Andrews argues that the Claims Court erred in relying on the enlistment contract, arguing that the separately signed G.I. Bill Statement of Understanding was instead the proper basis for his claim under the Tucker Act. The government responds that military rights to compensation do not arise by a contract enforceable under the Tucker Act, and, alternatively, that the Claims Court was without jurisdiction because Andrews was challenging a VA decision concerning entitlement to veterans' benefits.

We agree with the government. The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal

Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). Here, the Claims Court properly determined that the alleged breach of contract was not tied to a money-mandating contract, statute or provision of law, leaving the Claims Court with no jurisdiction to hear Andrews' claims.

Andrews' reliance on his signed enlistment agreement and G.I. Bill Statement of Understanding as enforceable contracts to establish jurisdiction is misplaced because neither provides jurisdiction under the Tucker Act. *See Bell v. United States*, 366 U.S. 393, 401 (1961) ("[C]ommon-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon statutory right."); *Schism v. United States*, 316 F.3d 1259, 1276–77 (Fed. Cir. 2002) (en banc) ("[T]he plaintiffs' claim for breach of an implied-in-fact contract for retirement health benefits is defeated by the principle that statutes govern entitlement to these benefits, not any contracts between the recruit and the government."). Enlistment agreements are not contracts enforceable under the Tucker Act. *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985). Therefore, Andrews has failed to identify an independent money-mandating source and consequently has no proper basis for alleging a contract claim within the Claims Court's Tucker Act jurisdiction. Accordingly, we conclude that the Claims Court properly dismissed Andrews' claim for lack of jurisdiction.

We have considered Andrews' remaining arguments and conclude that they are without merit. We have also considered Andrews' request for oral argument. In declining that request we note that there is no statutory or constitutional right to argue an appeal orally. However, all appeals are considered carefully, whether orally argued or submitted on the briefs. To the extent Andrews is challenging the VA's decision, the challenge should have

been brought before the Board of Veterans' Appeals.  For the foregoing reasons, the decision of the Claims Court is

**AFFIRMED**

COSTS

No costs.