NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY NATHAN SCHIRRIPA,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2014-5064

---

Appeal from the United States Court of Federal Claims in No. 1:13-CV-00530, Judge Lawrence M. Baskir.

---

Decided: July 15, 2014

---

JEFFREY NATHAN SCHIRRIPA, of Kinnelon, New Jersey, pro se.

LAUREN S. MOORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before PROST, *Chief Judge,* SCHALL and HUGHES, *Circuit Judges.*

PER CURIAM.

Jeffrey Nathan Schirripa sought a "Qui Tam reward" at the Court of Federal Claims under the False Claims Act, 31 U.S.C. § 3730(d). The court dismissed this claim for lack of jurisdiction because such claims may be heard only in the United States District Courts. Mr. Schirripa also raised a claim for "March-In Rights" under 35 U.S.C. § 203 and a claim for fraud under 28 U.S.C. § 2514. Neither of these statutes is money-mandating, and neither gives the Court of Federal Claims jurisdiction over Mr. Schirripa's claims. Because the trial court did not err in dismissing Mr. Schirripa's complaint for lack of jurisdiction, we affirm.

I

Mr. Schirripa filed a complaint in the Court of Federal Claims in July, 2013 as a "Relator for the United States of America." He attached nearly 100 pages of exhibits. The exhibits relate to, among other things, legalization of marijuana, a patent owned by the United States, neurological research, and counter-terrorism. The government moved to dismiss Mr. Schirripa's complaint for lack of subject matter jurisdiction. The trial court granted the motion.

On appeal, Mr. Schirripa argues that the Court of Federal Claims has jurisdiction over his claim for money damages under the False Claims Act, his claim for "March-In Rights" under 35 U.S.C. § 203, and his claim for fraud under 28 U.S.C. § 2514.

II

We have jurisdiction under 28 U.S.C. § 1295(a)(3) to review a final decision of the Court of Federal Claims. Whether the Court of Federal Claims has subject matter

jurisdiction over a claim is a question of law that we review de novo. *W. Co. of N. Am. v. United States*, 323 F.3d 1024, 1029 (Fed. Cir. 2003).

The Tucker Act, 28 U.S.C. § 1491, with certain limited exceptions not applicable here, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). But the Court of Federal Claims does not have jurisdiction over all claims for money damages against the United States. The Tucker Act is displaced "when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, 133 S. Ct. 12, 18 (2012).

The trial court correctly held that it lacked jurisdiction over Mr. Schirripa's claims. First, Congress has expressly limited jurisdiction over Mr. Schirripa's claim for money damages under the False Claims Act, 31 U.S.C. § 3730(d), to the United States District Courts. *See LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (citing 31 U.S.C. § 3732(a)). Second, Mr. Schirripa's claim for "March-In Rights" under 35 U.S.C. § 203 and his claim for fraud under 28 U.S.C. § 2514 are based on statutes that do not mandate money damages. The Court of Federal Claims lacks jurisdiction over these claims. *See Navajo Nation*, 556 U.S. at 290.

## III

Because none of Mr. Schirripa's claims fall within the special jurisdiction of the Court of Federal Claims, the trial court did not err in dismissing his complaint for lack of jurisdiction.

**AFFIRMED**

No costs.