NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY NATHAN SCHIRRIPA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5070

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-01031-SGB, Judge Susan G. Braden.

---

Decided: September 9, 2015

---

JEFFREY NATHAN SCHIRRIPA, Kinnelon, NJ, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before NEWMAN, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Jeffrey Nathan Schirripa filed claims at the United States Court of Federal Claims (Claims Court) seeking money for an "antiterrorism technology" that he believes combats an unspecified threat to the United States. The court dismissed the complaint for lack of subject-matter jurisdiction, and for failure to state a claim upon which relief can be granted. Because the court did not err, we affirm.

## I.

This is the second time Mr. Schirripa has appealed a Claims Court decision to this court. The prior case involved claims for compensation concerning what appears to be the same alleged antiterrorism technology. *See Schirripa v. United States*, 570 F. App'x 938 (Fed. Cir. 2014). In that appeal, this court affirmed the lower court's decision to dismiss the claims for lack of subject-matter jurisdiction. *Id.* at 939.

In the present appeal, Mr. Schirripa alleges claims under the "bounty" provision of Section 4 of the Fourteenth Amendment of the Constitution of the United States, the "seizure" clause of 50 U.S.C. § 212, and 18 U.S.C. § 3071. The claims are based on his allegations that there is an "unconventional" and "significant" threat to the United States, which obligates the government to procure, seize, and compensate him for the antiterrorism technology.

## II.

We have jurisdiction under 28 U.S.C. § 1295(a)(3) to review the Claims Court's final decision. We review de novo a dismissal for failure to state a claim upon which relief can be granted. *Todd Const., L.P. v. United States*, 656 F.3d 1306, 1310 (Fed. Cir. 2011).

To avoid dismissal for failure to state a claim under the Claims Court's Rule 12(b)(6), "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  The facts as alleged "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

We find that the Claims Court properly held that the complaint fails to state a claim upon which relief can be granted.  In particular, we agree that the allegations are speculative and lack a specific prayer for relief.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (proper to dismiss complaint as factually frivolous if facts alleged are "clearly baseless, . . . a category encompassing allegations that are fanciful, . . . , fantastic, . . . and delusional") (internal quotation marks and citations omitted).

### III.

We have considered Mr. Schirripa's remaining arguments and conclude that they are without merit.[1]  Because Mr. Schirripa's claims were properly dismissed for failure to state a claim, the decision of the Claims Court is affirmed.

**AFFIRMED**

No costs.

---

[1]  We have considered Mr. Schirripa's various motions, including those to "expedite arbitration," for "default judgment," and for "summary judgment."  We find the motions without merit and therefore deny them.