NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY NATHAN SCHIRRIPA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-2477

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01073-LKG, Judge Lydia Kay Griggsby.

---

Decided: August 24, 2018

---

JEFFREY NATHAN SCHIRRIPA, Kinnelon, NJ, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before NEWMAN, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Jeffrey Nathan Schirripa filed suit in the United States Court of Federal Claims, alleging bid protest, breach of contract, and Fifth Amendment taking claims against the United States. He also seeks to enjoin the government from enforcing the Controlled Substances Act against his actions and from pursuing criminal charges against him. The court dismissed the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] We affirm.

## BACKGROUND

This is the third appeal by Mr. Schirripa on related actions. *See Schirripa v. United States*, 615 F. App'x 687 (Fed. Cir. 2015); and *Schirripa v. United States*, 570 F. App'x 938 (Fed. Cir. 2014).

In the present action, Mr. Schirripa states in his complaint that he mailed samples of cannabinoids to the U.S. Department of Justice ("DOJ") and the U.S. District Court for the District of New Jersey, in January of 2015. The next month, the DOJ confirmed receipt of Mr. Schirripa's mailing and stated that the mailing could be construed as a violation of 21 U.S.C. § 844(a), which concerns the possession of a controlled substance, and/or a violation of 18 U.S.C. § 1716, which prohibits the mailing of certain items.

The Court of Federal Claims dismissed the action, and Mr. Schirripa appeals, arguing that the court erred in

---

[1] *Schirripa v. United States*, No. 16-1073C, 2017 WL 2537370, at *1 (Fed. Cl. June 9, 2017) ("Fed. Cl. Op."), *reconsideration denied*, No. 16-1073C, 2017 WL 3097812 (Fed. Cl. July 21, 2017).

its assessment of his breach of contract and bid protest claims.

We give plenary review to dismissal for lack of jurisdiction. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017). Also, *pro se* complaints are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, there must always be jurisdiction. *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

## DISCUSSION

### *The Implied Unilateral Contract Claim*

The Tucker Act provides jurisdiction of:

> any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). To recover damages, there must be "a separate source of substantive law that creates the right to money damages" against the United States. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003).

Mr. Schirripa alleged breach of a unilateral contract with the United States that formed upon his mailing of the cannabinoid samples. The court held that a unilateral contract was not formed or implied by unsolicited mailings to the Department of Justice and the District Court. Fed. Cl. Op. at *7–8.

On appeal, Mr. Schirripa argues that "a plain reading of the statutes (50 USC §§ 212–215) clearly shows that Congress intended to bind the United States in a unilateral-prize contract . . . ." Schirripa Br. at 7 (footnote omitted). He states that he "met the extraordinary (essential) elements of the contract," *id.*, that "the property and information provided by Appellant is inherently capable of inciting resistance against the laws of the United States - requiring Appellee to *capture* the property and award the *prize* to Appellant" or, in the alternative, "arrest Appellant for violating the Controlled Substances Act" and forfeit his property. *Id.* at 8–9 (italics in original).

The statutes Mr. Schirripa cites for "unilateral-prize contract" formation, 50 U.S.C. §§ 212, 213, and 215, are as follows:

§ 212. Whenever during any insurrection against the Government of the United States, after the President shall have declared by proclamation that the laws of the United States are opposed, and the execution thereof obstructed, by combinations too powerful to be suppressed by the ordinary course of judicial proceedings, or by the power vested in the marshals by law, any person, or his agent, attorney, or employee, purchases or acquires, sells or gives, any property of whatsoever kind or description, with intent to use or employ the same, or suffers the same to be used or employed in aiding, abetting, or promoting such insurrection or resistance to the laws, or any person engaged therein; or being the owner of any such property, knowingly uses or employs, or consents to such use or employment of the same, all such property shall be lawful subject of prize and capture wherever found; and it shall be the duty of the President to cause the same to be seized, confiscated, and condemned.

§ 213. Such prizes and capture shall be condemned in the district court of the United States having jurisdiction of the amount, or in admiralty in any district in which the same may be seized, or into which they may be taken and proceedings first instituted.

§ 215. The Attorney General, or the United States attorney for any judicial district in which such property may at the time be, may institute the proceedings of condemnation, and in such case they shall be wholly for the benefit of the United States; or any person may file an information with such attorney, in which case the proceedings shall be for the use of such informer and the United States in equal parts.

These statutes were enacted in 1861, and "aimed exclusively at the seizure and confiscation of property used in aid of the Rebellion, 'not to punish the owner for any crime, but to weaken the insurrection.'" *Oakes v. United States*, 174 U.S. 778, 790–91 (1899) (quoting *Kirk v. Lynd*, 106 U.S. 315, 316 (1882)).

Congress enacted these statutes to weaken the Confederate States by authorizing the President to seize property aiding the Confederacy in its insurrection. *See Union Ins. Co. v. United States*, 73 U.S. 759, 763 (1867) ("It is sufficiently obvious that the general object of the enactment was to promote the suppression of rebellion by subjecting property employed in aid of it with the owner's consent, to confiscation."); *Conrad v. Waples*, 96 U.S. 279, 285 (1877) ("That of 1861 applied only to property acquired with intent to use or employ the same, or to suffer the same to be used or employed, in aiding or abetting the insurrection, or in resisting the laws . . . ."). These statutes did not and do not support a theory of unilateral contract with the government by mailing it an unsolicited item.

"[T]he essence of a unilateral contract is that one party's promise is conditional upon the other party's performance of certain acts and when the other party performs, the first party is bound." *Wells Fargo Bank, N.A. v. United States*, 88 F.3d 1012, 1019 (Fed. Cir. 1996). No performance condition is here asserted. The Court of Federal Claims properly dismissed the breach of contract claim.

### The Bid-Protest Claim

In the Court of Federal Claims, Mr. Schirripa asserted a pre-award bid protest because "defendant failed to perform the obligatory duty of procuring (capturing) plaintiff's property as required by 50 U.S.C.A. § 212." Fed. Cl. Op. at *2. A bid-protest claim may be brought by "an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). The Court of Federal Claims held that Mr. Schirripa is not such an interested party. Fed. Cl. Op. at *7. The court stated: "to be an 'interested party' with standing to bring a bid protest claim in this case, plaintiff must establish that he is an 'actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or failure to award the contract.'" *Id.* (quoting 31 U.S.C. § 3551(2)). The court found that Mr. Schirripa "alleg[ed] no facts in the amended complaint to show that he is an actual or prospective bidder who is objecting to a solicitation by a federal agency," and concluded that he "fail[ed] to demonstrate that he is an 'interested party' with respect to a government procurement." *Id.*

On appeal, Mr. Schirripa argues that he is an "interested party" based on 50 U.S.C. §§ 212 and 215 and his "unilateral-prize contract" theory. Schirripa Br. at 8. As

discussed *supra*, these statutes have no relation to any contract theory or any government bid or procurement practice.

The Court of Federal Claims thoroughly considered Mr. Schirripa's arguments and theories, and fully explained their inapplicability.

### The Takings Claim

In the proceedings below, Mr. Schirripa also alleged that the government's potential enforcement of the Controlled Substances Act against his mailing of cannabinoid samples constituted a regulatory taking, in violation of the Fifth Amendment. The court also dismissed this claim.

A takings claim must be predicated upon lawful governmental action, yet Mr. Schirripa pled the opposite when he alleged that the government's "unconstitutional and prejudicial classification . . . has consequently enabl[ed] the Controlled Substance [sic] Act (21 U.S.C. § 881(a)) to prohibit and affirmatively forfeit all property rights secured in U.S. Patent No. 6630507." Fed. Cl. Op. at *8 (emphases and footnote omitted) (quoting Am. Compl. at 4).

The takings claim is not discussed by Mr. Schirripa, and any appeal of that claim is deemed waived.

## CONCLUSION

The decision of the Court of Federal Claims is affirmed. Mr. Schirripa's motion to take judicial notice is denied. *See* ECF No. 24.

## AFFIRMED

No costs.